Hillsborough, }
June 2, 1925. }

### Mary L. Cotton & a. v. I. Frank Stevens.

On a sale of partnership assets to one partner upon the decease of the other, the goodwill which is personal to the purchasing partner is not to be taken into account in fixing the fair value of the assets.

The granting of a request to receive further evidence after both parties have rested is within the discretion of the trial court.

Requests for special findings must be made before the verdict or decree is rendered.

There is no absolute right of rescission when a contract is found to be unfair and inequitable. The plaintiff is entitled only to such relief as will adequately right the wrong that has been done him.

Bill in Equity, to rescind a contract of sale and for an accounting, being the same case reported in 79 N. H. 234 and 80 N. H. 175. On further hearing the fair market value of the property when sold was found to be $450,000 and "the lowest price which it was fair under all the circumstances for the defendant to pay for the Cotton (the defendant's deceased partner) interest . . . is found to be $200,000." The defendant having paid $185,000, the plaintiffs were given a verdict for $15,000 and interest.

To make the decree clearer, supplementary findings were later made upon certain requests from the defendant as follows: (a) the finding of $450,000 as the fair market value of the property when sold is "the probable price realizable if the assets had been sold upon the understanding that all goodwill connected with the business, including such goodwill as was personal to the defendant, passed to the purchaser, so that the latter would not have been subject to the defendant's potential competition; (b) the finding of $200,000 as the lowest price which it was fair under all the circumstances for the defendant to pay for the Cotton interest was a finding of that amount as a fair price for that interest, the word 'circumstances' in the finding embracing all material facts found at the several trials or disclosed by the evidence," including the plaintiff's desire to close the transaction, the extent to which the goodwill connected with the business was personal to the defendant, and the fact that matters of opinion and judgment entered into a determination of the market value; (c) an order of rescission and for an accounting would be "inequitable under all the circumstances," and payment of the verdict with interest and costs would do "complete justice between the parties."

The plaintiffs took exceptions as follows: (1) to the findings accompanying the verdict; (2) to the denial of their motion to set aside the findings and verdict on the grounds that they constituted a plain mistake, and were mutually incompatible and based upon a misunderstanding of the law and evidence; (3) to the denial of a motion made at the close of the hearing after both parties had rested, to introduce further evidence "on the question of fraud," and that upon the question of the value of the Cotton interest "the accounting include the goodwill, and the profits as well as the other value of the property (of the partnership) down to the present time"; (4) to the refusal to reconsider the findings made on previous trials, and to the refusal to make a finding of fraud on the defendant's part "as clearly indicated by comparison" of his evidence submitted at this trial with his evidence at the previous trials; (5) to the refusal to order the contract of sale cancelled; (6) to the refusal to order an accounting to date; (7) to the refusal to find any specific value for the goodwill and trade names of the partnership enterprise; (8) to the supplementary findings.

Transferred by *Marble*, J.

*Albert Terrien* and *Shurtleff, Oakes & Hinkley* (*Mr. Oakes* orally), for the plaintiffs.

*Charles F. Choate, Jr.* (of Massachusetts) and *Demond, Woodworth, Sulloway & Rogers* (*Messrs. Choate* and *Demond* orally), for the defendant.

ALLEN, J. There was evidence tending to show that when sold the partnership property, including the goodwill of the business, was worth less than its value as found. The plaintiffs' contention as urged in their brief that there was no reasonable evidence of the particular value found requires but little attention. Whatever is within the range of reasonable deduction from all of the evidence is a legitimate inference and conclusion, and if the evidence on each side is partly discounted, with a mesne result, it is a proper exercise of the fact-finding function. This disposes of the first exception.

So far as the second exception is based on the ground that the findings and verdict constituted a plain mistake and were based upon a misunderstanding of the law and evidence, it is understood that these grounds merely relate and are collateral to the other ground of the exception that the findings are mutually incompatible.

If this is not so, no argument has been advanced for their support and no merit in them is perceived. On the ground of inconsistency in the findings, the exception fails in failing to take into account the explanation furnished by the supplementary findings made to clarify the decree. As shown by such findings the higher valuation was of property which included the personal goodwill of the defendant, while the lower valuation was of the property from which such goodwill was omitted.

As distinguished from the goodwill of the partnership, the defendant, upon its termination by his partner's decease, had certain rights personal to him and outside of a liquidation of the partnership affairs. His experience, knowledge and ability in connection with the business, though gained from his connection with it, formed an earning capacity of which the sale of the property as a going concern would not deprive him. As stated in *Hutchinson* v. *Nay*, 187 Mass. 262, 266, ". . . where a sale of partnership assets is forced upon the survivor by the administrator of a deceased partner, the surviving partner is not in the position of a sole trader who voluntarily has parted with the goodwill of his business. He is not bound to retire from business as a sole trader impliedly elects to do by voluntarily selling his goodwill . . . If a sale of the firm's goodwill had been asked for and ordered . . . , it would have been directed to be conducted on the footing that the surviving partner was at liberty to enter on a competing business and to solicit trade from the customers of the old firm."

The valuation of this element of goodwill personal to the defendant is a reasonable finding from the evidence.

The first section of the third exception is to the refusal to receive further evidence on the question of fraud, after the parties had rested. If this exception has not been waived, it is sufficient to say that the refusal was within the court's discretionary authority, and that no reasons are suggested or appear to show that such authority was improperly exercised. *Stone* v. *Boscawen Mills*, 71 N. H. 288, 290, 291.

The second part of this exception relates to the refusal to include certain elements of value in the accounting. Since an accounting was not ordered and the exception to the refusal to order one is overruled, as later appears, this point of the exception must also be overruled.

The fourth exception divides into a general and a special branch. In its general aspect, as based on the refusal to reconsider the find-

ings made at the trials prior to the last one, it carries the claim that the plaintiffs had the right of such reconsideration. The record does not support the proposition. On the first transfer of the case a general new trial was ordered (79 N. H. 224, 230). On such retrial, as appears by the second transfer of the case, the parties agreed to limit it to certain newly discovered evidence, with the evidence of the first trial unchanged. The court found nothing in the new evidence to justify a modification of the original findings, but found certain additional facts. All exceptions to the findings made in the retrial were either waived or decided adversely to the plaintiffs upon the second transfer, as the outcome of which further hearing was ordered on the two questions only, whether the sale price was the fair value, and if not, whether justice required rescission of the contract and an accounting or would be done by payment of such excess of value over the price as might be found. All other issues were thus finally determined, so as to make the present exception nugatory and of no avail, without consideration of the efficacy of an exception to a refusal to reconsider findings when there is no request for reconsideration with a statement of the reasons therefor.

How far the exception aims to raise the question of the plaintiffs' right to reconsideration of previous findings is not wholly clear. With the evidence of all the hearings before the court, it apparently meant either that all such findings should be set aside and findings *de novo* made on all of such evidence or that in some limited way the previous findings should be separately reviewed. In either alternative the procedure impliedly proposed is anomalous · and unusual. It would be in the nature of a new trial in which the new evidence would be limited to that introduced at the final hearing, which, however, related only to the issues of value and whether justice required rescission. If such procedure is maintainable, it must at least be based upon a motion to reconsider seasonably made. P. S., c. 230, s. 2. Such a motion is here absent.

What has been said about the general feature of this exception largely applies with equal force to the specific point relating to the defendant's actual fraud. Much argument has been devoted to the establishment of actual fraud as a necessary conclusion from the evidence. The argument cannot now be considered, since the exception is unavailing to raise the question. The averment that the evidence at the last hearing "clearly indicated" such fraud when compared with the evidence received at the previous trials does not

help any.  Even if such fraud had been an issue in the final hearing, there was no seasonable motion or request to find it.  The law is well settled that requests for special findings must be made before the verdict or decree is rendered.  *Moynihan* v. *Brennan,* 77 N. H. 273.

The motion made at the close of the final hearing to introduce further evidence of fraud was not a request that fraud be found.

The exception to the refusal to order the contract cancelled invokes a punitive remedy in an equity suit, and assumes an absolute right of rescission when a contract is found unfair and inequitable.  The opinion of the court in 80 N. H. 175 is decisive against the claim.  The findings that injustice will be done by rescission and that justice will be done without it conclude the plaintiffs from such a remedy.  The decree gives them all they are entitled to under equitable principles of righting wrongs.  There is evidence to support the findings.  As already stated, the issue of actual fraud cannot now be presented.  The result does not permit the defendant to take advantage of his own wrong.  Since the right of rescission is here not absolute but qualified according to equitable discretion, which the record shows to have been properly exercised, the exception fails.

Rescission not being ordered, the plaintiffs have no right to an accounting, since such right depends on the right of rescission.

The disposal of the exceptions relative to value and rescission requires the overruling of the exception to the supplementary findings.

*Exceptions overruled.*

MARBLE, J., did not sit: the others concurred.