Hillsborough, } 
June 29, 1933. }

HENRY PLOURDE *v.* WILLIAM M. AUCLAIR.

*Doyle & Doyle (Mr. Paul J. Doyle orally), for the plaintiff.*

*O'Connor & Saidel (Mr. Saidel orally), for the defendant.*

MARBLE, J.   The workmen's compensation act applies to "Work in any shop, mill, factory or other place on, in connection with or in proximity to, any hoisting apparatus, or any machinery propelled or operated by steam or other mechanical power in which shop, mill, factory or other place five or more persons are engaged in manual or mechanical labor."   P. L., c. 178, s. 1, cl. II.

Webster defines machinery as "machines, in general, or collectively; also, the working parts of a machine, engine, or instrument."   A machine is "a construction or contrivance of a mechanical sort"; specifically "(formerly in frequent use), a vehicle or conveyance."

There can be no question but that a motor truck is a power-driven machine.   The master has found on sufficient evidence that more than five men were employed by the defendant in his trucking business and that they were engaged in manual or mechanical labor.   The evidence fully warrants the finding that the plaintiff was injured in the course of his employment and that the defendant received due notice of the injury and claim.   Under these circumstances, the motion to dismiss the petition was properly denied.

While the defendant is correct in his contention that "loss of earning capacity due to general business conditions cannot be made the basis of compensation" (33 A. L. R. 123), it could here be found that the plaintiff's failure to obtain work in the winter was due entirely to his injury.   No error in the master's computation on this basis is detected.

The claim that the plaintiff is not entitled to the sum awarded him because he refused to follow his doctors' orders is untenable.   He himself testified that he always did what his doctors told him to do. The inquiry as to whether or not he acted "reasonably in effort to overcome his disability" (*Neault* v. *Company, ante*, 231) presents no question of law, and since the defendant made no request for a special finding on that subject, he cannot now raise the issue of fact. *Cotton* v. *Stevens*, 82 N. H. 105, 109; *McCarthy* v. *Souther*, 83 N. H. 29, 35, and cases cited.

*Exceptions overruled.*

WOODBURY, J., did not sit: the others concurred.