Hillsborough,
June 4, 1935.

ARTHUR S. PEAK

*v.*

NASHUA GUMMED AND COATED PAPER COMPANY.

*Ivory C. Eaton,* by brief and orally, for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the defendant.

WOODBURY, J. The workmen's compensation act is designed to afford compensation for loss of earning capacity due to physical injury. It is not designed to afford compensation for loss of earning capacity due to any other cause. For this reason "loss of earning capacity due to general business conditions cannot be made the basis of compensation." *Plourde* v. *Auclair*, 86 N. H. 303, 304. See also *Coté* v. *Company*, 85 N. H. 444, 447.

The court found that the plaintiff's loss in pay after his return to work was not due to his injury, but to a general pay-cut and to a reduction in hours of work; in other words, that his loss in actual earnings after injury was not a consequence of the accident, but of general business conditions. Therefore, for the purpose of determining the amount of compensation to which he is entitled, it must be considered as if he had returned to work at the same wage he had received prior to injury. It does not follow from this, however, that, as a matter of law, he is entitled to no compensation after August 17, 1932. Actual wages earned after injury are but one of the evidentiary facts to be considered with such others as may be material in arriving at the operative fact of loss of earning capacity. "His ability to earn, rather than his actual earnings, should be used to measure the value of his working capacity after injury." *Gagne* v. *Company*, *ante*, 163.

If his wages after injury reflected his actual earning capacity as an injured man, then he is not entitled to compensation after his return to work. If, on the other hand, although able to earn as high wages as formerly, his injury prevented him from obtaining permanent employment such as he had formerly enjoyed, then such wages do not reflect his true earning capacity. Similarly, if he was, for any reason, either over or under-paid after his return to work, then his wages would not show actual earning capacity.

Similar considerations apply in determining whether or not he is entitled to compensation for the year of enforced idleness from November 3, 1932, to November 4, 1933. In so far as his lack of employment during that time was due to his injury, he is entitled to compensation. In so far as it was due to general business conditions, he is not. The finding that his idleness during this period was due to a combination of his injury and general business conditions indicates that it was not due solely to his injury and so that he was not, during that time, totally disabled thereby. How much his idleness was due to injury and how much to business conditions must be determined and compensation given only for such idleness as was due to disability.

Again, his present pay of $12 per week may or may not show actual earning capacity. If it truly reflects what he is able to earn it is to be used as the basis for calculation. If it does not, that is, if he is earning less than he might or more than his services are worth, then it is not the true basis for computation.

Both the alternative awards are incorrect because in neither of them has account been taken of anything but the purely arithmetical aspects of the case. Earning capacity, not necessarily actual earnings, after injury is to be contrasted with actual earnings prior thereto. Arithmetic is an aid to determine earning capacity, but the court, in awarding compensation, must not look to arithmetic alone. A determination of earning capacity requires the weighing of conflicting testimony, and, within the limits established by the statute, the exercise of judicial discretion. This presents a question for the superior court, not one which can be transferred to this court. *Ricard* v. *Insurance Co., ante* 31; *Nawn* v. *Railroad*, 77 N. H. 299.

The evidence in regard to the probable duration of the disability is far from clear but this inadequacy of proof can be corrected at the next trial. The other questions argued are not likely to arise again and so do not need to be considered.

*New trial.*

All concurred.