Hillsborough, Jan. 5, 1949. } No. 3788.

ALBERT CARIGNAN *v.* WINTHROP SPINNING COMPANY.

*Albert J. Lemieux* (by brief), for the plaintiff.

*Alvin A. Lucier* and *Normand R. Pelletier* (by brief), for the defendant.

BLANDIN, J. The defendant admits in its brief that the plaintiff is entitled to $20 weekly compensation from June 19, 1946 to October 7, 1946, as a result of the injury suffered June 18 of the same year. It contends, however, that the plaintiff's subsequent period of disability extending from October 30, 1946 to January 27, 1947, is not compensable as this disability was not caused by accident arising out of and in the course of his employment. It further claims for this reason no award of permanent partial disability was warranted, and that there was no evidence of loss of future earning capacity. The defendant cites no authority for the proposition that the subsequent rupture of the plaintiff, which admittedly was properly found connected with the original injury, cannot be a basis for an award and we know of no well considered opinion which so holds. The defendant concedes that were this an action for negligence at common law it would be liable, but says the act is to be strictly construed and recovery may be had only for the "direct result" of the accident. Not only is this theory apparently unsupported by authority but it is contrary to the liberal rule of construction which courts in general, including ours, have applied to the statute and is at variance with the reasoning of our decisions. See *Vallée* v. *Company*, 89 N. H. 285, 287, where the court stated "A substantial fallacy in the defendant's argument appears to be in its insistence that the direct consequences of the accident are limited to the immediate ones." See also, *O'Brien* v. *Manchester Yarn Mills*, *ante*, 118; *Rivard* v. *McElwain*, *ante*, 100; Horovitz, Current Trends in Workmen's Compensation (1947) *pp.* 509, 511. In the case before us the Trial Court found on ample evidence that the second rupture resulted directly from the first, which in turn was caused by the accident of June 18. The accepted tests of causation are thus met and the defendants' contention fails. It follows that the plaintiff was entitled to recover for the period of disability resulting from the second operation and the Trial Court's ruling to this effect is sustained.

We come now to the defendants' final argument that there was no evidence to sustain an award of $4 weekly for the balance of the statutory period for partial disability. The doctor and the mill superintendent, both called by the plaintiff, testified that his earning

capacity was reduced, as he no longer could do heavy work, and the superintendent added that it would be harder for him to find work. The doctor went on to explain that probably the plaintiff would have to be operated on again as a result of the weakness caused by the incisions, he would have to wear a truss "for a long time" and that he should be careful. The defendant excepted to the testimony as to reduced earning capacity, but the qualifications of these witnesses were for the Court and his allowance of their opinions seems unobjectionable. *Dowling* v. *Shattuck*, 91 N. H. 234; *Ricker* v. *Matthews*, 94 N. H. 313; *Ware* v. *Railroad*, 92 N. H. 373.

It has long been settled in this state that under the act earnings after an accident are not determinative of an award for partial incapacity, but the real test is ability to earn. *Gagne* v. *Company*, 87 N. H. 163; *Peak* v. *Company*, 87 N. H. 350; *Gallienne* v. *Company*, 88 N. H. 375. Upon his return to work, due to a general wage increase, the plaintiff's earnings were more than he had received before the accident. Whether or not without the increase, they would have been the same, is not readily apparent. But assuming that they would have been, it "does not follow from this, however, that, as a matter of law, he is entitled to no compensation. . . . Actual wages earned after injury are but one of the evidentiary facts to be considered with such others as may be material in arriving at the operative fact of loss of earning capacity." *Peak* v. *Company, supra,* 352.

There was evidence that in performing his work after January 27, 1947, the plaintiff required assistance in lifting, that he was compelled to favor himself, that it would be difficult if occasion arose to find employment comparable to the work he was doing and in which he was trained, and that he was no longer able to do heavy manual labor. The Trial Court was not required to accept his actual earnings at face value, but acted within his discretion within the statutory limitations in basing a finding of loss of earning capacity upon the other affirmative evidence of its impairment. (See Annotation, 149 A. L. R. 413).

*Decree affirmed.*

All concurred.