Hillsborough,
No. 4265.

ALBERT L. DESROSIERS *v.* DIONNE BROS. FURNITURE, INC. *& a.*

Argued December 2, 1953.

Decided December 31, 1953.

*Robert E. Earley* and *Charles J. Flynn* (*Mr. Flynn* orally), for the plaintiff.

*Sullivan & Gregg* and *Joseph M. Kerrigan* (*Mr. Kerrigan* orally), for the defendants.

LAMPRON, J. "The right of a claimant to recover workmen's compensation does not rest at all upon the common law, but upon the statutes alone, which both create and measure the right ... The act creates new remedies and new liabilities. The manner in which it operates is to be found under the legislation itself." *Bolduc* v.

*Company*, 96 N. H. 235,239. Section 23 of R. L., *c.* 216, as amended by Laws 1947, *c.* 266, provides that compensation for partial disability shall be "a weekly compensation equal to sixty-six and two-thirds percent of the difference between his average weekly wage before the injury and the average weekly wage he is able to earn thereafter."

The distinctive feature of the compensation system by contrast with tort liability is that its awards (apart from medical benefits) are made not for physical injury as such, but for disability produced by such injury. 2 Larson's, Workmen's Compensation Law 2. Compensable disability under the act consists in loss of earning capacity due to injury. *Peak* v. *Company*, 87 N. H. 350, 352. Disability in the medical sense such as inability to make the necessary muscular movements and exertions which result as in this case from a fusion of the spine is not compensable under section 23 unless it produces a loss in earning capacity. Larson's *supra.* "It is well settled that our compensation act is intended primarily to afford limited compensation . . . to the injured employee for his loss of earning capacity.". *Carbonneau* v. *Company*, 97 N. H. 438, 441; *Desrosiers* v. *Company*, 97 N. H. 525, 530.

Earning capacity, not necessarily actual earnings, after injury is to be contrasted with actual earnings prior thereto. If claimant's wages after injury reflect his actual earning capacity as an injured man and they show no loss in his capacity to earn as compared with his average wage before injury then he is not entitled to compensation under section 23 after his return to work. *Peak* v. *Company, supra*; *Gagne* v. *Company*, 87 N. H. 163; *Carbonneau* v. *Company, supra*; *Desrosiers* v. *Company, supra.* Actual wages earned after injury are but one of the evidentiary facts to be considered with such others as may be material in arriving at the operative fact of loss of earning capacity. The Trial Court has found on the evidence that "his wages since April 23, 1951, reflect his earning capacity and that he is employed on his own merits and not out of consideration of sympathy or relationship. No loss of earning capacity is found on the evidence, and it is found he is not entitled to compensation beyond that already received." There being evidence to support the above finding of the Trial Court that the plaintiff incurred no loss of earning capacity as a result of his injury it must be accepted as true. *Newell* v. *Moreau*, 94 N. H. 439, 440. Consequently he is not entitled to compensation. *Desrosiers* v. *Company, supra.*

This conclusion is legally justified even though the Trial Court also found "that but for the injury the petitioner would probably be a qualified floor mechanic . . . and would probably have the ability in that capacity to earn more than he has been or will be able to earn with his limitations caused by the injury." In some jurisdictions earning capacity refers only to the employee's capacity to earn in the employment or trade in which he was working at the time of the accident so that for compensation purposes the earning capacity remaining to him in other callings is not considered. *Anderson* v. *Whitaker*, (Ky.) 247 S. W. (2d) 980; See anno. 149 A. L. R. 413, 415. Section 23 of our act imposes no such limitations nor has it been so interpreted. *Desrosiers* v. *Company, supra.*

The test of compensable disability under our statute is not the employee's ability or disability because of his injury to do his old job. Nor is it what the claimant could have earned but for his injury in the employment or trade in which he was working at the time of the accident. 2 Larson's, Workmen's Compensation Law 7; *Clark* v. *Henry & Wright Mfg. Co.*, 136 Conn. 514, 517; see *Colby* v. *Varney*, 98 N. H. 99, 102. It is the difference between "his average weekly wage before the injury and the average weekly wage which *he is able to earn thereafter*" (emphasis supplied) with his injury in suitable work under normal employment conditions. Laws 1947, c. 266, s. 23; *Gagne* v. *Company, supra; Peak* v. *Company, supra; Carignan* v. *Company*, 95 N. H. 333, 336; 2 Larson's, Workmen's Compensation Law 6; *Shaffer* v. *Midland Empire Packing Co.*, (Mont.) 259 P. (2d) 340.

In order to properly evaluate post-injury earnings and arrive at a determination of whether or not they represent actual earning capacity certain factors have to be considered such as longer hours, sympathy and the temporary and unpredictable character of those earnings. *Peak* v. *Company, supra.* It was therefore proper for the Trial Court to consider the degree of permanency associated with plaintiff's employment. The Court's finding that "the petitioner's present employment is of no more uncertain duration than any ordinary employment" was proper and supported by the evidence.

*Exceptions overruled.*

KENISON, C. J., was absent: the others concurred.