Strafford
No. 81-011

## F. A. GRAY, INC. & a.

v.

## KONSTANTINO DEMOPOULOS

June 9, 1982

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Molly S. Mugler* on the brief and orally), for the plaintiffs.

*Gerald Taube*, of Portsmouth, by brief and orally, for the defendant.

BROCK, J. In this workmen's compensation case, the defendant appeals from the Superior Court's (*Souter,* J.) order denying him continued compensation for temporary partial disability. RSA 281:25.

On October 18, 1978, the defendant, an employee of F. A. Gray, Inc., sustained an injury to his back when he attempted to lift a five-gallon can of paint in the course of his employment. The defendant received full compensation payments for this injury from October 18, 1978, until November 13, 1979, when a hearing was held before the labor commissioner to establish whether payments should be continued. On that date, the labor commissioner ordered the plaintiffs to pay the defendant the handicapped worker's rate and to continue payments. The plaintiffs, New Hampshire Insurance Group and F. A. Gray, Inc., appealed to the superior court. RSA 281:37. Before the superior court, they argued that workmen's compensation benefits should be terminated because the back pain the defendant was presently experiencing was not causally connected with the accident of October 1978. After a de novo hearing, the court found that the defendant's present condition of pain, and any disability resulting therefrom, were not caused by his original injury on October 18, 1978, and ordered termination of his compensation benefits. The defendant appealed to this court, RSA 281:37 I, alleging that the record does not support the finding of the trial court and that the trial court erroneously based its decision on the defendant's refusal to undergo normal diagnostic procedures for back injuries. For the reasons that follow, we affirm.

■■ Whether the defendant's continued disability was causally related to his original accident at work is a question of fact for the trial court, and we will not disturb the trial court's determination unless there is no competent evidence in the record on which the decision could reasonably be made. *Talbot v. Catelli-Habitant, Inc.,* 122 N.H. 517, 519, 446 A.2d 858, 859 (1982); *Rowe v. City of Portsmouth,* 122 N.H. 146, 148, 441 A.2d 1181, 1183 (1982); *Rogers v. Town of Newton,* 121 N.H. 702, 706, 433 A.2d 1303, 1305 (1981). The defendant in this case had the burden of proving that his continuing disability was caused by the injury he experienced in the original accident. *See City of Rochester v. Smith,* 119 N.H. 495, 496, 403 A.2d 421, 422 (1979). Even a cursory review of the record before us reveals that the trial court had ample competent evidence before it from which it could reasonably conclude that the defendant's continuing back pain was not caused by the original work-related injury. In its decision, the court, while expressing its

misgivings concerning the defendant's credibility, relied principally on the testimony of a physician who had recently examined the defendant. The doctor testified that, although objective pain tests had shown that the defendant suffered pain, he was unable to establish, within reasonable medical probabilities, that the pain was related to the defendant's original accident and injury. The doctor also stated that he was unable to employ normal diagnostic techniques to establish the medical reasons for the pain because the defendant "feared needles." As an alternative, the doctor testified that he performed a complete medical examination on the defendant in an effort to find the cause of his back pain. He concluded that the defendant's present disability and pain were caused not by the accident and injury of October 1978, but by his "sedentary lifestyle, role reversal in his family constellation plus a lot of anxiety, low pain threshold. . . ."

Given this testimony from a medical expert, we hold that there was competent evidence before the trial court to support its decision to terminate disability payments to the defendant. *E.g.,* *Rowe v. City of Portsmouth,* 122 N.H. at 148, 441 A.2d at 1183; *Rogers v. Town of Newton,* 121 N.H. at 706, 433 A.2d at 1305.

The defendant further argues that the trial court erroneously denied compensation because it based its decision solely upon the defendant's refusal to undergo the normal diagnostic procedures for back injuries. This argument is without merit. The defendant relies upon *Cate v. Perkins Machine Co.,* 102 N.H. 391, 394, 157 A.2d 778, 780 (1960), which held that an employee's refusal to submit to a serious operation did not entitle the carrier to terminate compensation payments. Although the defendant correctly states the law under *Cate,* he misconstrues the decision reached by the trial court in this case. The court did not deny compensation on the basis of the defendant's refusal to submit to certain tests. Rather, it considered the claimant's failure to submit to diagnostic tests only on the question of whether or not there was sufficient evidence to support the defendant's contention that his present pain was related to his original injury.

*Affirmed.*

All concurred.