Rockingham
No. 92-001

JOHN HALLSEN

v.

SEABROOK CLAM COMPANY, INC. & a.

April 7, 1993

*R. Laurence Cullen*, of Hampton, by brief and orally, for the plaintiff.

*Sulloway & Hollis*, of Concord (*James E. Owers* on the brief and orally), for the defendants.

THAYER, J.   The plaintiff, John Hallsen, appeals from the Superior Court's (*Gray*, J.) denial of workers' compensation benefits beyond January 1, 1988. Because the plaintiff did not prove that his physical impairment was caused by a work-related injury, we affirm.

On March 8, 1987, the plaintiff was working for the defendant, Seabrook Clam Company. While he was helping move an 1,800 pound rack, the rack tipped and pinned the plaintiff against a wall. The plaintiff sought treatment for pain in his right knee from Dr. Richard Mindess, an orthopedic surgeon, on March 23, 1987. His examination revealed tenderness on the inside of the plaintiff's right knee, and x-rays showed some spurring, or calcification, around the knee joint. The spurring was a pre-existing condition not caused by the March 8 injury. Dr. Mindess saw the plaintiff again in June 1987 and recommended physical therapy.

When the plaintiff showed no improvement, Dr. Mindess performed arthroscopic surgery in October and found that the cartilage between the femur and tibia on the inner side of the knee was wearing away, a condition referred to as chondromalacia. The doctor testified that this condition may or may not have predated the March 8 injury; he could not offer a certain medical opinion as to whether the chondromalacia was due to the March 8 trauma. He testified that chondromalacia is usually related to wear and tear on the knee, and that the plaintiff's excessive weight contributed to the mild chondromalacia. The surgery also revealed a torn meniscus on the other side of the knee, and the unstable portion of the cartilage was removed. After the surgery, the plaintiff had physical therapy, which continued until December 18, 1987.

The plaintiff next sought treatment for his right knee in August 1990, when he was again examined by Dr. Mindess, who found persistent pain and tenderness in the knee. The doctor determined that the knee symptoms were directly related to the March 1987 injury. He also found that the plaintiff's obesity contributed to the persistent symptoms and that the symptoms were likely permanent,

making the plaintiff "disabled in terms of any prolonged walking, standing, heavy lifting, etc."

On November 16, 1990, the department of labor determined that the plaintiff experienced a work-related injury on March 8, 1987, and that he was disabled on account of that injury until January 1, 1988. The plaintiff was awarded temporary total disability compensation for that time period. The plaintiff appealed to the superior court pursuant to former RSA 281:37, I (1987) (current version at RSA 281-A:43, I(b) (Supp. 1992)), seeking permanent total disability benefits. Under former RSA 281:37, I, an appeal from the decision of the labor commissioner required a trial *de novo* in the superior court. *Knight Broadcasting Co. v. Kane*, 109 N.H. 565, 258 A.2d 355 (1969). The superior court ruled that the "medical testimony is insufficient to sustain the plaintiff's claim of continuing total disability by reason of the injury of March 8, 1987."

██ The trial court's ruling on the extent of disability resulting from a work-related injury is a question of fact and will not be overturned where there is competent evidence in the record that supports such a ruling. *See Xydias v. Davidson Rubber Co.*, 131 N.H. 721, 723–24, 560 A.2d 627, 628 (1989); *F. A. Gray, Inc. v. Demopoulos*, 122 N.H. 495, 496, 446 A.2d 860, 861 (1982). In a workers' compensation case, the claimant bears the burden of proving that the work-related injury causes disability. *Tzimas v. Coiffures By Michael*, 135 N.H. 498, 500, 606 A.2d 1082, 1083 (1992).

█ The medical evidence before the trial court indicated that the plaintiff claimed to be permanently disabled by the injury to his right knee, but did not seek treatment for the injury between December 1987 and August 1990. Dr. Mindess examined the plaintiff in August 1990. When asked, "So the only thing wrong with his knee was some mild tenderness," he answered affirmatively. Dr. Mindess also testified that the plaintiff was not permanently impaired under the American Medical Association (AMA) guides to the evaluation of permanent impairment. *See* RSA 281-A:32, XIV (Supp. 1992) (labor commissioner has adopted AMA guides to promote uniformity in rating permanent impairment). The doctor continued to be of the opinion that the plaintiff's injury to his right knee was a mild degenerative joint disease and testified that he could not determine whether the degenerative changes were aggravated by the March 8, 1987 injury. In addition, the defendants submitted evidence that the plaintiff had received disability benefits from the Social Security Administration based in part on degenerative arthritis in his *left* knee, which had not been injured at work.

The trial court also had the opportunity to weigh the plaintiff's credibility when he repeatedly testified that notes made on his medical records by a variety of medical personnel were incorrect. For example, he testified that he complained of pain in his knee when he first sought treatment, yet the emergency room records make reference only to neck and back pain. He testified that he was told not to return to physical therapy in December 1987, yet the physical therapist's notes indicated that the plaintiff missed appointments and therapy was terminated because of the plaintiff's noncompliance.

A review of the record indicates that the plaintiff failed to meet his burden of proof, and we hold that there was competent evidence in the record to support the trial court's ruling. The plaintiff argues that the court should not have considered evidence of his application for Social Security disability benefits, yet he did not object to this evidence below, nor did he provide any legal authority for his argument that the superior court is required to construe the evidence in the light most favorable to the employee. We therefore affirm.

*Affirmed.*

All concurred.