Compensation Appeals Board
No. 92-594

APPEAL OF ROBERT NORMAND
(New Hampshire Department of Labor Compensation
Appeals Board)

September 22, 1993

618

*Charles F. Butler*, of Berlin, by brief for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Stephen J. Schulthess* on the brief), by brief for Gary Jacobs.

JOHNSON, J.    The plaintiff, Robert Normand, appeals a decision by the New Hampshire Department of Labor Compensation Appeals Board (the board) that he is not eligible for workers' compensation benefits pursuant to RSA 281-A:31 (Supp. 1989) (current version at RSA 281-A:31 (Supp. 1992)). The main issue is whether the board properly based its ruling on a finding that Normand's current unemployment is attributable to economic conditions and not to his disability. We reverse and remand.

The uncontroverted facts are as follows. Normand injured his foot in November 1988 while working for his former employer, Gary Jacobs, as a skidder operator in Jacobs' logging business. Normand was temporarily totally disabled and received workers' compensation benefits until September 1989, when he returned to work for Jacobs' successor as a shear operator. Although Normand's injury rendered him fourteen percent permanently disabled and unable to operate a skidder, the disability did not prevent him from operating a shear. In fact, Normand held this job for approximately two years, earning at least as much as he did at the time of his injury. Jacobs' successor then laid him off because of economic conditions and offered to employ him as a skidder operator. Normand's disability, however, precluded him from accepting the offer.

After an unsuccessful search for another shear operator job, Normand requested a resumption of his workers' compensation benefits.

A hearings officer granted his request, and Jacobs appealed to the board. The board conducted a *de novo* review and reversed the decision of the hearings officer, noting that Normand "demonstrated an ability to work for approximately two years" after his injury with no reduction in pay. The board also stated:

> "[Normand] . . . testified that, if work as a shear operator was available to him at this time, he would be working. Therefore, [Normand's] lack of work is not attributable to his disability, *although the medical evidence is clear that he cannot work as a skidder operator*, but is directly attributable to the condition of the timbering industry in his locality. There was also very little evidence that [Normand] has looked for work in any field other than the timbering industry, although testimony indicated that he has other, varied types of experience."

(Emphasis added.) Normand moved for reconsideration and, upon the board's denial, appealed to this court.

Normand argues that the board erred in ruling his unemployment attributable to economic conditions and not to his disability. But for his disability, Normand would be working as a skidder operator. Therefore, he reasons, his unemployment is due to his disability, making him eligible for workers' compensation benefits pursuant to RSA 281-A:31 (Supp. 1989). Jacobs counters that the board ruled correctly because, but for economic conditions, Normand would be working as a shear operator.

■■ Our standard of review has been stated as follows:

> "Whether the defendant's continued disability was causally related to his original accident at work is a question of fact for the [fact finder], and we will not disturb the [fact finder's] determination unless there is no competent evidence in the record on which the decision could reasonably be made. The defendant in this case had the burden of proving that his continuing disability was caused by the injury he experienced in the original accident."

*F. A. Gray, Inc. v. Demopoulos*, 122 N.H. 495, 496, 446 A.2d 860, 861 (1982) (citations omitted); RSA 281-A:43, I(c) (Supp. 1992); RSA 541:13 (1974). After reviewing the board's factual findings, we find that *both* Normand's disability *and* economic conditions are responsible for his current unemployment. As a purely logical matter, neither can be the sole cause of his predicament because Normand

would be working in the absence of *either* his disability *or* the prevailing economic conditions. Each is a "but for" cause. Thus, to the extent that the board found that economic conditions were the sole cause of Normand's unemployment, we hold that it erred as a matter of law because "there is no competent evidence in the record on which the decision could reasonably be made." *Demopoulos*, 122 N.H. at 496, 446 A.2d at 861.

■ Accordingly, the board's decision cannot stand unless we hold that Normand is rendered *per se* ineligible for workers' compensation benefits because his unemployment is at least in part due to economic conditions. We decline to do this. In *Peak v. Company*, 87 N.H. 350, 179 A. 355 (1935), we addressed this very issue, stating:

> "The workmen's compensation act is designed to afford compensation for loss of earning capacity due to physical injury. It is not designed to afford compensation for loss of earning capacity due to any other cause. For this reason 'loss of earning capacity due to general business conditions cannot be made the basis of compensation.' *Plourde v. Auclair*, 86 N.H. 303, 304. See also *Cote v. Company*, 85 N.H. 444, 447. . . . In so far as [the claimant's] lack of employment . . . was due to his injury, he is entitled to compensation. In so far as it was due to general business conditions, he is not. *The finding that his idleness during this period was due to a combination of his injury and general business conditions indicates that it was not due solely to his injury and so that he was not, during that time, totally disabled thereby. How much his idleness was due to injury and how much to business conditions must be determined and compensation given only for such idleness as was due to disability.*"

*Peak*, 87 N.H. at 352, 179 A. at 356–57 (emphasis added).

Other jurisdictions have similarly held that a claimant is not disqualified for workers' compensation benefits merely because his or her unemployment is partly due to economic conditions. *See, e.g., Goodyear Tire & Rubber Co. v. Bradley*, 473 So. 2d 514, 517 (Ala. Civ. App. 1985); *Wiedmaier v. Industrial Com'n*, 121 Ariz. 127, 130, 589 P.2d 1, 4 (1978); *Johnson's Case*, 242 Mass. 489, 492–93, 136 N.E. 563, 565 (1922); *Janusz v. Kistler Instrument Corp.*, 62 A.D.2d 1128, 1128, 404 N.Y.S.2d 454, 455 (1978).

■ Jacobs apparently argues that the board's decision can nonetheless stand on its finding that, for approximately two years, Nor-

mand earned at least as much after his injury as he did before. We disagree. The question for the board is not whether Normand was at some point after his injury able to earn as much as he earned before, but whether he is *currently* able to earn as much and, if not, whether that inability is due to his injury. The Workers' Compensation Act is designed to compensate workers who suffer a loss of earning capacity as a result of a work-connected injury. *See Armstrong v. Lake Tarleton Hotel*, 103 N.H. 450, 453, 174 A.2d 410, 414 (1961). The test used to determine entitlement to compensation is whether the claimant is now able to earn, "in suitable work under normal employment conditions," as much as he or she earned at the time of the injury. *Desrosiers v. Company*, 98 N.H. 424, 427, 101 A.2d 775, 778 (1953); *see also* RSA 281-A:31 (Supp. 1989). Actual post-injury earnings, while relevant, do not control this determination, *see Joyce v. Chicopee Mfg. Co.*, 103 N.H. 471, 474, 175 A.2d 521, 524 (1961); *Desrosiers v. Company*, 97 N.H. 525, 530–31, 92 A.2d 916, 920 (1952); *Carignan v. Company*, 95 N.H. 333, 336, 63 A.2d 241, 243 (1949), because in certain cases they serve only to temporarily mask a real loss of earning capacity. Here, for example, although Normand earned as much during his two years as a shear operator as he did before his injury, once he was laid off his disability prevented him from returning to work as a skidder operator. Thus, we cannot rule out the possibility that Normand's present unemployment may be due in part to his disability.

We conclude that the board placed too much emphasis on Normand's post-injury earnings and on the role economic conditions play in his unemployment. Because the board's decision appears to have been heavily based on this misplaced emphasis, we reverse. We are unable to say as a matter of law, however, that the board would have ruled in Normand's favor but for its errors; the board also *properly* based its decision on a finding that there was "very little evidence that the claimant has looked for work in any field other than the timbering industry, although testimony indicated that he has other, varied types of experience." *Cf. Colantonio v. Company*, 97 N.H. 23, 26, 79 A.2d 633, 635 (1951) (claimant has duty to exercise reasonable diligence to find an employer who will employ him or her). As it is the board's role, and not ours, to weigh all relevant factors in the first instance, *see Demopoulos*, 122 N.H. at 496, 446 A.2d at 861; *Joyce*, 103 N.H. at 474, 175 A.2d at 524, we remand for a new hearing and a decision consistent with this opinion.

*Reversed and remanded.*

All concurred.