Compensation Appeals Board
No. 95-829

### APPEAL OF THOMAS JACKSON

### (New Hampshire Compensation Appeals Board)

July 23, 1997

*Nighswander, Lord & Martin, P.A.,* of Laconia (*Benette Pizzimenti* on the brief and orally), for the claimant.

*Kelliher & Clougherty*, of Manchester (*Thomas W. Kelliher* on the brief and orally), and *Elizabeth Cazden*, of Manchester (on the brief), for the respondents, Interstate Concrete Construction, Inc. and Liberty Mutual Insurance Co.

BROCK, C.J. The claimant, Thomas Jackson, appeals the decision of the New Hampshire Compensation Appeals Board (board) terminating his workers' compensation benefits. *See* RSA 281-A:48 (Supp. 1996). We reverse and remand.

The essential facts are not in dispute. In October 1993, the claimant injured his back while he was laying a concrete floor in the course of his employment. At the time of his injury, the claimant was employed by respondent Interstate Concrete Construction, Inc. (Interstate) as a concrete finisher. His job consisted of pouring and smoothing concrete, which, according to the board, entailed "constant bending and quite a bit of lifting." The claimant sought medical attention immediately after sustaining his injury and was out of work for several weeks. In late October, the claimant's treating physician released him to return to work, with some restrictions on his hours and activity. In late November, after working a twenty-two hour day, the claimant experienced a recurrence of pain and again sought medical attention. On December 14, due to continued back pain, he stopped working altogether. Interstate's workers' compensation insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual) voluntarily began paying temporary total disability benefits to the claimant shortly thereafter. *See* RSA 281-A:28 (Supp. 1996). The claimant was ultimately diagnosed with a herniated disk and underwent corrective surgery in February 1994. In the months that followed, the claimant continued to receive medical treatment and physical therapy for his back.

In May 1994, Liberty Mutual petitioned the department of labor for a termination of the claimant's entitlement to benefits due to a change in condition. *See* RSA 281-A:48, I (Supp. 1996). In support of its petition, Liberty Mutual submitted medical records pertaining to the claimant's condition and a videotape it had obtained showing the claimant assisting another man with the laying of a concrete floor. The videotape was approximately one hour in length. In August 1994, after a hearing on the petition, a department of labor hearings officer terminated the claimant's benefits retroactively to May 1994. The claimant then appealed to the board. *See* RSA 281-A:48, V (Supp. 1996).

After a hearing on the claimant's appeal, the board concluded that "[b]ased on a preponderance of medical evidence, testimony and the

videotape, . . . the claimant has demonstrated a work capacity and, therefore, has not met his burden of proof of disability under RSA 281-A:48, and benefits are denied." The claimant's motion for rehearing was denied, and this appeal followed. *See* RSA 281-A:43, I(c) (Supp. 1996).

We will uphold the findings and rulings of the board "unless they lack evidentiary support or are tainted by legal error." *Appeal of Gamas*, 138 N.H. 487, 491, 642 A.2d 925, 928 (1994); *see* RSA 541:13 (1974). As the appealing party in this case, the claimant bears the burden of demonstrating that the board's decision is unreasonable or unlawful. *See Appeal of Elliott*, 140 N.H. 607, 609, 675 A.2d 204, 206 (1996).

The claimant first argues that the board erred in relying solely upon the claimant's apparent "work capacity," rather than determining if he had an *earning* capacity, in concluding that he was no longer entitled to workers' compensation benefits. We agree. "The Workers' Compensation Act is designed to compensate workers who suffer a loss of *earning capacity* as a result of a work-connected injury." *Appeal of Normand* , 137 N.H. 617, 621, 631 A.2d 535, 537 (1993) (emphasis added). Our test for determining eligibility for workers' compensation benefits is "whether the claimant is now able to earn, in suitable work under normal employment conditions, as much as he or she earned at the time of the injury." *Id* . (quotation omitted). The board erred as a matter of law in limiting its analysis to the issue of the claimant's "work capacity"; while relevant, the fact that the claimant may now be capable of performing some type of *work* is not dispositive of his claim that he remains unable to *earn* as much as he did prior to his injury. *Cf. Desrosiers v. Company* , 98 N.H. 424, 427, 101 A.2d 775, 778 (1953). In ruling on the petition for termination of the claimant's benefits, the board properly should have inquired whether the claimant had experienced a "change in conditions," and, if so, whether that change affected his *earning* capacity so as to justify a termination of his compensation benefits. *See* RSA 281-A:48. Accordingly, we reverse and remand for findings and rulings consistent with this opinion.

The claimant also contends that the board improperly placed upon him the burden of proving continued disability, rather than requiring the respondents to demonstrate a "change in conditions" warranting a termination of benefits. Again, we agree. We recently clarified that when a petition filed pursuant to RSA 281-A:48 is

predicated on a "change in conditions," as here, the petitioning party bears the burden of demonstrating such a change. *See Appeal of Elliott,* 140 N.H. at 610, 675 A.2d at 206; *see also* RSA 281-A:48, III (Supp. 1996) (petitioner seeking reduction or termination of benefits must submit supporting evidence). The board erred in placing the burden on the claimant in this case and should properly allocate the burden on remand.

■ The respondents urge us to uphold the board's order on the ground that the record fully supports the board's ultimate decision to terminate the claimant's benefits. *See Long v. Long,* 136 N.H. 25, 28-29, 611 A.2d 620, 622 (1992) (affirming erroneous ruling by superior court because valid alternative ground existed). We decline to do so. We cannot speculate whether the board would have reached the same decision had it conducted the appropriate legal inquiry and properly allocated the burden of proof. *See Appeal of Elliott,* 140 N.H. at 611, 675 A.2d at 207; *cf. Drop Anchor Realty Trust v. Hartford Fire Ins. Co.,* 126 N.H. 674, 683, 496 A.2d 339, 346 (1985) (noting that where jury assigns burden of proof to wrong party, who then loses, case must be resubmitted to jury for reconsideration). It is the board's province, not ours, to weigh the evidence in the first instance. *See Appeal of Normand,* 137 N.H. at 621, 631 A.2d at 537.

Finally, the claimant argues that the board's order terminating his benefits was unreasonable because the uncontroverted medical evidence demonstrated that he could not return to full-time heavy duty work, such as his former employment, and that he had not reached maximum medical improvement, *see* RSA 281-A:28 (eligibility for temporary total disability benefits); :31 (Supp. 1996) (eligibility for temporary partial disability benefits). Because we have already concluded that the board erred as a matter of law, we find it unnecessary to address this argument. *Cf. Maville v. Peerless Ins. Co.,* 141 N.H. 317, 321, 686 A.2d 1165, 1167-68 (1996). On remand, the board may well reach a different conclusion than the one we have reviewed here. As such, our evaluation of the sufficiency of the evidence supporting the unlawful order would be superfluous.

*Reversed and remanded.*

All concurred.