Compensation Appeals Board
Nos. 2000-238
    2000-296

APPEAL OF ELEANOR GAGNON & a.

(New Hampshire Compensation Appeals Board)

December 24, 2001

*Michael C. Reynolds*, general counsel, State Employees' Association of New Hampshire, Inc., of Concord, by brief and orally, for petitioner Eleanor Gagnon.

*Vanacore & Trombly*, of Concord (*Bryan W. Clickner* on the brief and orally), for petitioner Lucille Wiemer.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*James E. Owers* and *J. Brandon Giuda* on the briefs, and *Mr. Owers* orally), for the respondent.

DALIANIS, J. In these consolidated cases, the petitioners, Eleanor Gagnon and Lucille Wiemer, appeal decisions of the New Hampshire Compensation Appeals Board (board) denying them indemnity benefits for time lost from work while attending medical appointments. We affirm.

The relevant facts follow. Gagnon sustained a work-related injury on March 25, 1998. She returned to work full-time on March 30, but attended physical therapy sessions and visited her doctor thereafter. These appointments were scheduled by her employer's health care providers and

took place during work hours. In total, Gagnon missed approximately eighteen hours of work in order to attend her medical appointments.

The workers' compensation carrier denied Gagnon indemnity benefits for the time she lost at work while she was attending these appointments. A hearing was held before the department of labor (DOL) on August 3, 1999, after which it was determined that Gagnon was not entitled to indemnity benefits. On appeal, the board affirmed the DOL decision. Specifically, it reasoned that indemnity benefits are for disability that prevents the claimant from working, and that at the time Gagnon was undergoing medical treatment she was not disabled. Gagnon moved for reconsideration, which the board denied.

Wiemer developed a work-related repetitive motion injury on June 1, 1996. Despite her injury, Wiemer continued to work full-time, but took 133.25 hours off from work to attend appointments with physical therapists, chiropractors and doctors. The health care providers arranged these appointments. Like Gagnon, Wiemer sought indemnity benefits for the time she lost from work while attending her medical appointments.

The DOL held a hearing on July 13, 1999, and concluded that Wiemer was not entitled to indemnity benefits because she was not disabled from performing her job. The board affirmed the DOL decision on the grounds that: 1) she was not entitled to benefits under RSA 281-A:31 (1999) because she did not miss three consecutive days from work; and 2) there was no evidence presented that she was disabled from doing her work. Wiemer moved for reconsideration, which the board denied. These appeals followed.

We consider the board's findings of fact to be *prima facie* lawful and reasonable. *See* RSA 541:13 (1997). "We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable." *Appeal of Bergeron*, 144 N.H. 681, 683 (2000); *see* RSA 541:13.

The sole issue before us is whether a claimant is entitled to indemnity benefits for time missed from work due to medical appointments. There is no dispute that the workers' compensation carrier paid for the petitioners' medical bills. "It is well-settled that the rights and remedies provided by the Workers' Compensation Law are purely statutory." *McKay v. N.H. Compensation Appeals Bd.*, 143 N.H. 722, 727 (1999). "We are the final arbiter of the meaning of the workers' compensation statute, and the nature and extent of compensation to the injured employee is governed by the express statutory language and that which can be fairly implied therefrom." *Appeal of Brown*, 143 N.H. 112, 118-19 (1998) (quotation, brackets and ellipsis omitted).

■ In order to receive indemnity benefits under our workers' compensation scheme, a claimant must have sustained some form of work-related disability. *See* RSA 281-A:28, :28-a, :31, :31-a. "Disability," which is not defined in RSA chapter 281-A, is defined in the dictionary as "the inability to pursue an occupation or perform services for wages because of physical or mental impairment." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 642 (unabridged ed. 1961); *see also Armstrong v. Lake Tarleton Hotel*, 103 N.H. 450, 452-53 (1961) (compensable disability is inability, as result of work-connected injury, to perform or obtain work suitable to claimant's qualifications and training). Thus, in order to receive indemnity benefits, the claimant must show a loss of earning capacity due to a work-related injury. *See Appeal of Lalime*, 141 N.H. 534, 538-39 (1996). "The test used to determine entitlement to compensation is whether the claimant is now able to earn, in suitable work under normal employment conditions, as much as he or she earned at the time of the injury." *Appeal of Normand*, 137 N.H. 617, 621 (1993) (quotations omitted).

■ The petitioners contend that they were disabled when attending medical appointments because it was their work-related injuries that caused them to attend the appointments and miss time from work. They argue, therefore, that they suffered a loss in earning capacity due to their work-related injuries. We disagree. The relevant focus in determining whether to award indemnity benefits is whether the claimant's work-related injury affects the ability to physically perform a job or to otherwise engage in gainful employment. *Normand*, 137 N.H. at 620.

■ Here, the petitioners' work-related injuries did not cause them to suffer a loss of earning capacity. Rather, their inability to perform their work was the result of scheduling problems. They presented no evidence that their respective injuries physically prevented them from working full-time or from earning, in suitable work under normal employment conditions, as much as they were earning at the time of the injury. While we recognize that there is a correlation between the petitioners' injuries and their lost wages, and that scheduling medical appointments around work hours may be difficult, there is no statute or regulation that either expressly or impliedly provides for an award of indemnity benefits in this situation. *See* RSA ch. 281-A; N.H. ADMIN. RULES, Lab 500.

Accordingly, we conclude that the board did not err in denying the petitioners indemnity benefits.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.