Hillsborough
No. 80-410

SARAH HUBBARD & a.

v.

PAUL PANNETON

June 12, 1981

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* on the brief and orally), for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*Gregory H. Holmes* on the brief and orally), for the defendant.

MEMORANDUM OPINION

On April 18, 1975, plaintiff Raymond Hubbard was driving south on Route 3 in Bedford with his wife, Sarah, as a passenger. The defendant was operating his automobile in a northerly direction at the same location. As the defendant's automobile came into the plaintiffs' view, it crossed over onto their side of the road and struck their vehicle.

Sarah and Raymond Hubbard each brought suit, claiming that the defendant was negligent in failing to keep his vehicle under control, failing to stay in his own lane, operating at an unreasonable speed, and crossing over into their lane of travel. At trial, the defendant claimed that the accident was the result of an unexpected and unanticipated blackout which was beyond his control and amounted to an act of God. Consequently, he asserted, he was not negligent. A jury returned verdicts for the defendant in both cases. The Trial Court (*Souter*, J.) denied the plaintiffs' motion to set aside the verdicts and transferred the plaintiffs' exceptions.

The plaintiffs raise several issues on appeal, but the only question that we address relates to the discovery of the defendant's medical records.

On October 26, 1977, the plaintiffs filed a motion to compel the production of the defendant's medical records and medical authorizations. The plaintiffs did not receive the medical records until June 12, 1978, the morning of trial, and they never received the medical authorizations. The information contained in the medical records clearly was relevant to the issue of whether the defendant's alleged sudden loss of consciousness was unforeseen, especially in light of the fact that the defendant had suffered a blackout while driving a van approximately five months before the accident in question. By not providing the plaintiffs with information that bore directly on the defendant's only defense until the day of trial, the defendant prevented the plaintiffs from adequately preparing their case for trial. *See Kearsarge Computer, Inc. v. Acme Staple Co.*, 116 N.H. 705, 707, 366 A.2d 467, 469 (1976); *McDuffey v. Boston & Maine R.R.*, 102 N.H. 179, 181, 152 A.2d 606, 608 (1959). In

these circumstances, we conclude that the plaintiffs are entitled to a new trial. We leave it to the trial court to decide whether to impose costs, attorney's fees, witness fees, and other expenses on the defendant.

*Reversed and remanded for new trial.*