Hillsborough
No. 81-310

EDWARD J. TALBOT

v.

CATELLI–HABITANT, INC. & a.

June 9, 1982

*Craig, Wenners, Craig & McDowell,* of Manchester (*Thomas E. Craig* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.,* of Manchester (*Lee C. Nyquist* on the brief and orally), for the defendants Catelli-Habitant, Inc., and Commercial Union Insurance Company.

*Wiggin & Nourie,* of Manchester (*L. Jonathan Ross* and *Andrew A. Merrill* on the brief, and *Mr. Merrill* orally), for the defendants Catelli-Habitant, Inc. and Zurich-American Insurance Company.

BOIS, J. The primary issue in this workmen's compensation case is whether the evidence supported a Superior Court (*Johnson,* J.) decree approving a Master's (*Robert F. Griffith,* J., Ret'd) recommendation to dismiss the plaintiff's appeal from a decision of the labor commissioner. We affirm.

The plaintiff, sixty-year-old Edward J. Talbot, was employed for approximately twenty-five years as a laborer at Catelli-Habitant, Inc., in Manchester. Although he suffered from a chronic back condition, the plaintiff never lost any time from work as a result of this condition. In February 1977, he injured his left thumb while in the course of his employment. He consulted Dr. Dennis Wachs, who treated him for the thumb injury as well as for the recurring back condition. The plaintiff subsequently filed for workmen's compensation benefits, claiming that both of his injuries were work-related and that he was totally disabled as a result of these conditions. The labor commissioner, however, found that the plaintiff's back condition was not causally related to his employment and that his thumb injury, although work-related, was only partially disabling. The plaintiff disputed these findings and appealed to the superior court.

Following a hearing, the master came to the same conclusion as the labor commissioner. The master found that no causal relationship existed between the plaintiff's back condition and his

employment, and that while the thumb injury was work-related, it was only partially disabling. He indicated that certain testimony which appeared to confirm the plaintiff's claims had little value because the hypothetical questions eliciting such testimony were based on erroneous assumptions of fact. The master recommended the dismissal of the plaintiff's appeal, and the superior court entered a decree in accordance with this recommendation. The plaintiff then appealed to this court.

The plaintiff argues that the master erred when he found that the plaintiff's back condition was not causally related to his employment and that his thumb injury was not totally disabling. He claims that degenerative changes in his back were aggravated by nondisabling recurring injuries which he had reported on numerous occasions since 1963.

■■ We have stated that in workmen's compensation cases the trier of fact has the responsibility for determining the existence of an injury and the extent of any resulting disability. *See City of Portsmouth v. Meaney*, 121 N.H. 13, 16, 426 A.2d 21, 23 (1981); *City of Rochester v. Smith*, 119 N.H. 495, 496, 403 A.2d 421, 422 (1979). We will uphold the trial court's findings and rulings if the record contains any competent evidence to support them. *Rowe v. City of Portsmouth*, 122 N.H. 146, 148, 441 A.2d 1181, 1183 (1982); *Rogers v. Town of Newton*, 121 N.H. 702, 706, 433 A.2d 1303, 1305–06 (1981); *New Hampshire Supply Co. v. Steinberg*, 121 N.H. 506, 509–10, 433 A.2d 1247, 1249 (1981).

■ In this case, both of the medical experts who testified on behalf of the plaintiff stated that the plaintiff's back condition resulted from a naturally progressing disease process, and that they were unable to conclude as a matter of reasonable medical probability that the condition was work-related. The experts further testified that, notwithstanding his thumb injury, the plaintiff was capable of holding various jobs. This testimony supported the master's conclusion that the plaintiff's back condition was not causally related to his employment and that the thumb injury was only partially disabling. Consequently, we cannot say that the master's findings were erroneous.

■■ The plaintiff also argues that the master erred in failing to give credence to the testimony elicited in response to the hypothetical questions regarding the existence and extent of the plaintiff's disability. This court has held that the trier of fact may consider the accuracy of facts assumed in a hypothetical question in assessing the value of the responses to that question. *Canney v.*

*Travelers Insurance Co.*, 110 N.H. 304, 306, 266 A.2d 831, 833 (1970); *see Boardman v. Woodman*, 47 N.H. 120, 135 (1866), *overruled on other grounds, Hardy v. Merrill*, 56 N.H. 227, 252 (1875). The record before us reveals a variance between the facts assumed in the hypothetical questions and the actual facts of the case. The master therefore had the right, as trier of fact, to discount the responses to these hypothetical questions.

▮ Finally, the plaintiff contends that the defendant Commercial Union Insurance Company prevented him from adequately preparing his case when it failed to provide him with a copy of a report compiled by its rehabilitation counselor. In August of 1979, the attorney for the plaintiff had authorized the defendant's rehabilitation counselor to examine the plaintiff. Following the examination, the defendant Commercial Union Insurance Company refused to provide the plaintiff's attorney with a copy of the rehabilitation counselor's findings. At the time of the trial in May 1981, the plaintiff still had not obtained a copy of the report. The record, however, shows that, during the twenty-month period between the engagement of the rehabilitation counselor and the trial, the plaintiff never attempted to obtain the report through customary discovery procedures; he filed neither a motion for production nor interrogatories regarding this matter. *But see Hubbard v. Panneton*, 121 N.H. 526, 527, 433 A.2d 1246, 1247 (1981). Under these circumstances, we hold that the plaintiff cannot be heard to complain that the defendant prevented him from adequately preparing for trial.

*Affirmed.*

All concurred.