Hillsborough
No. 81-410

TOWN OF GOFFSTOWN & a.

v.

BARRY MORGRAGE & a.

July 2, 1982

592

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the plaintiff Penn General Service Corporation.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Ronald J. Lajoie* on the brief and orally), for the defendant New Hampshire Insurance Company.

*Wiggin & Nourie*, of Manchester, for the defendant Barry Morgrage, waived brief and oral argument.

PER CURIAM: This is an appeal from a decree of the Superior Court (*Dunn*, J.) reversing the decision of the labor commissioner with respect to a claim for workmen's compensation by Barry Morgrage. The appeal involves a dispute between two insurance

carriers as to their liability under "the most recent injurious incident" rule of RSA 281:38-a III (Supp. 1981).

In his petition to the labor commissioner for workmen's compensation benefits, *see* RSA 281:37, Barry Morgrage made several allegations. First, he claimed that from March 1966 to December 1979, he had continuously been an employee of the Goffstown Police Department. Next, he alleged that he had sustained several injuries arising out of and in the course of his employment between 1966 and October 17, 1975. Finally, he claimed that he had been disabled from work on December 3, 1979. He failed, however, to cite any specific disabling incidents occurring in the course of his employment during the period from October 17, 1975, to December 3, 1979.

After a hearing, the commissioner ruled that Morgrage's disability on December 3, 1979, was causally related to his employment with the Town of Goffstown. The commissioner concluded that Penn General Service Corp. (Penn General), the insurance carrier for the town's workmen's compensation claims after May 7, 1979, was responsible for the payment of disability benefits to Morgrage.

Penn General duly appealed the labor commissioner's decision, claiming that the New Hampshire Insurance Company, the workmen's compensation insurer for the Town of Goffstown prior to May 7, 1979, was responsible for Morgrage's disability payments. The matter was submitted to the trial court on the pleadings, the deposition of the claimant, and the depositions of Doctors Merwyn Bagan and Thomas Shireffs, Jr.

RSA 281:37 I provides that an appeal from the decision of the labor commissioner should be heard in "full trial" before a justice of the superior court. In such a de novo review, the trial justice may substitute his judgment for that of the labor commissioner. *City of Rochester v. Smith*, 119 N.H. 495, 496, 403 A.2d 421, 422 (1979). The claimant has the burden of proving by competent evidence both the existence of a compensable accidental injury and the extent of his disability. *Id.*, 403 A.2d at 422. The claimant must therefore prove legal causation, that is, that his injury is work-connected, and medical causation, that is, that his disability was actually caused by the work-related event. *Id.* at 497, 403 A.2d at 423.

Furthermore, when, as in this case, there are two or more successive insurance carriers, only one can be charged for the whole compensation which results from the compensable injury. *See Casey's Case*, 348 Mass. 572, 574, 204 N.E.2d 710, 711 (1965). In the absence of a second independent intervening contributing cause of disability, the employer's insurance carrier on the risk at the time

of the original compensable injury is liable for the employee's continuing incapacity. *See Rock's Case*, 323 Mass. 428, 429–30, 82 N.E.2d 616, 617 (1948); *Sosnowski v. Dandy Hamburger*, 384 Mich. 221, 226–27, 180 N.W.2d 761, 763 (1970); *see also City of Portsmouth v. Meaney*, 121 N.H. 13, 16, 426 A.2d 21, 23 (1981).

■ The above so-called "Massachusetts-Michigan rule" became a statutory rule in New Hampshire effective July 1, 1979, as RSA 281:38-a III (Supp. 1981). The statutory rule, referred to as "the most recent injurious incident" rule, provides in pertinent part as follows:

> "[T]he employer in whose employment the employee sustained the most recent injurious incident and the insurance carrier, if any, on the risk when such injurious incident occurred, shall alone be liable for benefits allowable under this chapter, without right to contributions from any prior employer or insurance carrier."

RSA 281:38-a III (Supp. 1981). In successive injury cases, the rule places full liability upon the carrier covering the risk at the time of the most recent injury bearing a causal relation to the disability. 4 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 95.12, at 17-71 (1982); *see City of Portsmouth v. Meaney*, 121 N.H. at 16, 426 A.2d at 23.

The following legislative history of RSA 281:38-a III (Supp. 1981) is consonant with the above interpretation:

> "The purpose of this amendment is to provide that the insurance carrier or employer responsible at the time of the worker's most recent injurious incident is to be responsible for the entire amount of the claim. . . . This amendment proposes a plain and simple rule: Except in 'second injury' cases the employer and the insurance carrier (if any) on the risk at the time of the last injurious incident is responsible for paying the entire claim."

*Minutes of the Labor Human Resources and Rehabilitation Committee, HB 382* (1979).

With respect to the cause and timing of Morgrage's injury, the trial court found that:

> "The testimony of the claimant and the two physicians, both of whom treated the claimant, establishes by a preponderance of the evidence that his injury was causally connected to his employment. . . . Dr. Merwyn Bagan, a neurological surgeon who removed a herniated disc from the claimant's back in August 1980, stated that

the disc injury was probably related to two incidents occurring in 1975, both of which were employment-related. The first occurred in October of 1975. Morgrage, while performing his duties as a police officer, slipped and fell on wet leaves, wrenching his back in the process. The second occurred in December [1975], when Morgrage was punched by a prisoner. The punch caused him to fall back against a desk and then to the floor.

Morgrage had experienced lower back pain, severe at times, before these incidents, but Dr. Bagan's opinion is that one of these falls probably caused the herniation. Dr. Thomas Shireffs, Jr., a specialist in orthopedics, stated that the claimant's back problems were probably caused by a 1970 auto accident in which Morgrage's police cruiser was involved or a 1972 fall on wet ice while he was checking the door to a pharmacy . . . . Before the end of 1975, the claimant had suffered or aggravated a back injury in the course of his employment, and one or more of the above-mentioned incidents is causally connected to his disability as of December 3, 1979. . . ."

Based on the testimony referred to in these findings, the trial court ruled that the claimant had suffered a work-related injury at some time before 1976.

As for the claims of the New Hampshire Insurance Company, the court found and ruled as follows:

"The New Hampshire Insurance Company . . . contend[s] that a series of aggravations to the same condition caused the disability. In [its] view the long hours of sitting at a desk or in a cruiser and the wearing of [a] ten-pound gun belt gradually weakened Morgrage's back until on December 3, 1979, he became totally disabled. . . .

For employment after the development of a condition to be the legal cause of disability resulting from the condition, '[t]he subsequent employment must contribute something substantial to the ultimate disability.' (citation omitted). Employment—related activities that are no more stressful or strenuous than normal nonemployment activities do not make a substantial contribution to the claimant's ultimate disability. . . . [Morgrage's] performance of these functions after May 7, 1979, cannot be considered an intervening, contributing cause of his disability, which stems directly from the herniation of his

disc at an earlier time and which had as its immediate cause the most routine of activities—putting on one's pants. There was no 'injurious incident' after May 7, 1979, such as to justify imposing responsibility for benefits upon the subsequent insurer."

The trial court concluded that the New Hampshire Insurance Company was solely responsible for the payment of Morgrage's benefits. The court therefore reversed the decision of the labor commissioner.

■ The findings and rulings of the trial court must be sustained unless they are lacking in evidential support or tainted by error of law. *Talbot v. Catelli Habitant, Inc.*, 122 N.H. 517, 519, 446 A.2d 858, 859 (1982); *see Rowe v. City of Portsmouth*, 122 N.H. 146, 148, 441 A.2d 1181, 1183 (1982); *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 432, 445 A.2d 1119, 1121 (1982).

We hold that there was ample expert testimony to warrant the trial court's finding that the legal and medical cause of Morgrage's disability was a herniated disc sustained before 1976 while he was employed by the police department of the Town of Goffstown, and while the New Hampshire Insurance Company insured its work-connected claims. For example, Dr. Bagan testified that "it seems that [Morgrage] had had the same problem since 1975 to 1980, there is nothing new." In addition, the evidence did not compel a finding and ruling that the most recent injurious incident which was the legal and medical cause of Morgrage's disability was other than the herniated disc which occurred while the New Hampshire Insurance Company was the insurance carrier for the town.

■ Because the evidence supported the trial court's findings, we affirm the court's order "that the New Hampshire Insurance Company is to pay to Barry Morgrage disability benefits for the period commencing December 3, 1979, and ending on the date, if any, that Barry Morgrage is no longer disabled."

*Affirmed.*