Merrimack
No. 81-417

# The State of New Hampshire

v.

# Robert M. Miskolczi

August 31, 1983

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the brief, and *James D. Cahill, III,* attorney, orally), for the State.

*Shute, Engel & Morse P.A.,* of Exeter (*Paul R. Pudloski* on the brief and orally), for the defendant.

BROCK, J. The defendant, after a jury trial, was convicted of the unauthorized possession of a controlled drug, subsequent offense, RSA 318-B:2, I (Supp. 1981), a Class B felony, RSA 318-B:26, I (Supp. 1981). On appeal, he asserts that the Trial Court (*Johnson,* J.) erred in denying his pre-trial motions to suppress evidence seized from his motor vehicle, and in failing to dismiss the indictment against him.

Late in the evening of February 6, 1981, the defendant's van, traveling southbound on Route 106 in Loudon, was detected by radar going 86 miles per hour in a 55 miles per hour zone. After a high-speed pursuit, Officer Lawler of the Loudon Police Department stopped the van as it was traveling eastbound on Route 4 in Concord. The defendant alighted and walked toward the rear of the vehicle to meet the officer. Officer Lawler immediately observed that the defendant was having difficulty walking and noticed a strong odor of alcohol on the defendant.

The defendant failed two field sobriety tests and was arrested for driving while intoxicated. *See* RSA 265:82 (amended by Laws 1983, 373:10). He was pat-searched for weapons, handcuffed, and placed in the rear seat of the police cruiser by the officer. Officer Lawler then went to the defendant's van for the purpose of retrieving the defendant's keys. He later testified that when he opened the driver's door, he observed a brown paper bag, with the top of a liquor bottle protruding from it, through a small space between the driver's seat and the rear interior of the van. He retrieved the keys and left the van, but did not seize the bag at that time.

By this time, State Trooper Sparks had arrived on the scene to assist Officer Lawler. Trooper Sparks testified that after a brief conversation with Officer Lawler, he went over to the van and, using his flashlight, observed through the door window a brown paper bag with a liquor bottle protruding from it, directly behind the driver's seat. He entered the vehicle, and when he removed the liquor bottle from the brown bag, he discovered at the bottom of it a plastic bag filled with a large quantity of marijuana. The defendant was then

advised that he was under arrest for possession of marijuana, and he was subsequently indicted for this offense.

At a hearing on the motion to suppress, the defendant contended that the search of his van and the seizure of the marijuana violated his rights under the fourth and fourteenth amendments of the United States Constitution and that the marijuana should not be used at trial as evidence against him. The State, on the other hand, argued that the seizure of the bag and its contents was lawful under either the "plain view" or the "search incident to arrest" exceptions to the warrant requirement. *See* R. McNamara, Constitutional Limitations on Criminal Procedure §§ 3.22 and 3.26 (1982); *New York v. Belton*, 453 U.S. 454 (1981) (search incident to lawful arrest). After viewing the van and hearing evidence presented by the parties, much of which dealt with whether or not the paper bag was in "plain view," the trial judge denied the motion to suppress, citing *New York v. Belton.*

Although the defendant made passing reference to part I, article 19 of the New Hampshire Constitution in his brief to this court, he did not present, argue, or brief any legal issues involving this constitutional provision before the trial court. The defendant claimed, both in the superior court and on appeal, that his fourth amendment rights had been violated, and it is apparent that the trial court considered only whether the search and seizure violated the defendant's federal constitutional rights. We therefore need decide only whether the defendant's rights under the fourth and fourteenth amendments to our Federal Constitution were violated by either a search for, or seizure of, the brown bag in which the marijuana was discovered. *Cf. Michigan v. Long*, 103 S. Ct. 3469, 3476 (1983) (state court ruling based on its interpretation of federal fourth amendment standards overturned in light of absence of independent state grounds).

 In our opinion, *New York v. Belton* stands for the proposition that the entire passenger compartment of an automobile may be searched incident to a lawful custodial arrest. 453 U.S. at 460; *see also Michigan v. Long*, 103 S. Ct. at 3480 and n.14. In this case, because the defendant had been arrested and taken into police custody, the police search of the passenger compartment of his vehicle violated no rights safeguarded by the Federal Constitution.

We note, in addition, that the record in this case does not indicate that the arrest of the defendant was a pretext for the conduct of a comprehensive search of his motor vehicle incident to his arrest. *See United States v. Robinson*, 414 U.S. 218, 221 n.1 (1973); *see also Colorado v. Bannister*, 449 U.S. 1, 4 n.4 (1980). For these reasons, we conclude that the defendant's fourth amendment argument must fail.

The defendant also moved that the indictment against him be dismissed because the police lost or destroyed certain evidence. He argues on appeal that the brown paper bag and liquor bottle, which were lost or destroyed, were evidence material to his defense and exculpatory in nature, but were unavailable to him for use at the suppression hearing and at trial. Thus, he argues that his right to a fair trial, guaranteed by the sixth amendment to the United States Constitution, was violated. In our view, the trial court properly denied this motion.

■■ When evidence in a criminal trial is destroyed, special scrutiny must be undertaken to ascertain whether the defendant's right to due process has been violated. "A three-pronged examination is in order: first, was the evidence material to the question of guilt or the degree of punishment; second, was the defendant prejudiced by its destruction; and third, was the government acting in good faith when it destroyed the evidence." *United States v. Picariello,* 568 F.2d 222, 227 (1st Cir. 1978); *see State v. Breest,* 118 N.H. 416, 419–20, 387 A.2d 643, 645 (1978), *cert. denied,* 442 U.S. 931 (1979) (quoting *United States v. Agurs,* 427 U.S. 97, 112–13 (1976)) (evidence is material when it creates reasonable doubt about the defendant's guilt). The burden of showing materiality and the exculpatory nature of the evidence rests on the defendant. *State v. Havas,* 95 Nev. 706, 707–08, 601 P.2d 1197, 1197 (1979).

The defendant contends that the brown paper bag and liquor bottle were material and exculpatory, because only with them could he have impeached the police officers who claimed that the bag and bottle were in "plain view" when they looked into the defendant's vehicle. The defendant therefore argues that this evidence was "vital to the trial court's ruling upon the defendant's motion to suppress." The defendant maintains that if the trial court had ruled differently on that motion, the charges against him would have been dropped and, thus, that the evidence was "dispositive."

As previously stated, however, the trial court did not base its suppression hearing ruling on the "plain view" exception to the warrant requirement, but rather cited *New York v. Belton* for the proposition that the search was valid *because it was incident to the defendant's arrest.* Under *Belton,* even if the bottle and bag had been entirely hidden from view from outside the vehicle, the police could have searched the passenger compartment of the van, and any container found therein, under the United States Constitution. *See New York v. Belton,* 453 U.S. at 460–61 (court notes that, as in *United States v. Robinson,* 414 U.S. at 236, even a crumpled cigarette pack could be searched and seized).

For these reasons, and without deciding whether the missing evidence would have been material and exculpatory had the trial court rested its ruling on the "plain view" exception, we regard the defendant's claim of materiality and prejudice to be entirely lacking in merit.

*Affirmed.*

All concurred.