Hillsborough
No. 81-469

THE STATE OF NEW HAMPSHIRE

v.

DANIEL W. BERRY

December 7, 1983

*Gregory H. Smith,* attorney general (*Gregory W. Swope,* assistant attorney general, by brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, and *Daniel W. Berry,* pro se, on the brief, and *Mr. Duggan* orally, for the defendant.

BATCHELDER, J.   The principal issue presented in this appeal is the remedy available to a criminal defendant whose request for a

jury instruction on a lesser-included offense was denied, and where jury disagreement resulted in a mistrial. We hold that the defendant, in the absence of a mistrial resulting from judicial or prosecutorial overreaching, was entitled only to a new trial.

The questions herein presented arise from an incident on Route 101 in Milford, New Hampshire, on October 6, 1979, when a vehicle operated by the defendant collided with a vehicle driven by Daniel Blanchette. Blanchette and his two passengers died as a result of injuries sustained in the collision. The defendant was subsequently arrested, indicted on three counts of negligent homicide and tried in the Superior Court (*Dalianis*, J.). Each indictment alleged that the defendant was under the influence of intoxicating liquor at the time of the accident, and the defendant requested a jury instruction on the lesser-included offense of driving while intoxicated, which the court denied. After two days of deliberations, the jury failed to reach a verdict and the defendant moved for a mistrial, which the trial court granted. The defendant then filed a motion to dismiss the indictments, relying upon the failure of the trial court to instruct on the lesser-included offense. The motion was denied by *Souter*, J., and the defendant went to trial on November 16, 1981, upon the original indictments. At that trial, the court instructed the jury on the lesser-included offense as requested by defendant. The defendant was found guilty on all counts of negligent homicide.

■■ We recently have held that a defendant is entitled to have the benefit of a "lesser-included offense" instruction given when the evidence furnishes a rational basis for a finding of guilt on the lesser offense rather than on the greater offense. *State v. Cameron*, 121 N.H. 348, 350, 430 A.2d 138, 139 (1981). "Providing the jury with the 'third option' of convicting on a lesser included offense ensures that the jury will accord the defendant the full benefit of the reasonable doubt standard." *Beck v. Alabama*, 447 U.S. 625, 634 (1980).

■ The defendant claims that the failure of the trial court in his first trial to instruct the jury on the lesser-included offense prevented him from receiving the benefit of the "third option," and that therefore the indictments against him should have been dismissed. If we assume that the trial court erred in denying the defendant's request for instructions, and that such error was prejudicial to the defendant, we hold that he has had the benefit of his proper remedy—a new trial.

Had the jury returned a verdict in the first trial finding the defendant guilty of the greater offense, in the absence of a lesser-included offense instruction which was shown to be legally warranted, the conviction should have been set aside and the defendant given a

new trial. *See State v. Cameron, supra* at 350–51, 430 A.2d at 139–40. Berry did in fact receive a new trial, not because he was unlawfully convicted, but because he was neither convicted nor acquitted of the indicted offenses. At his second trial, he received the instruction dealing with lesser-included offenses, but it availed him nothing. His argument necessarily boils down to the claim that, as things turned out, his chances for a conviction upon a lesser-included offense were greater before the original jury than they were before the second jury. Such an argument has no place in the appellate review process because it is based not upon law but upon speculation.

■ The defendant further argues that the double jeopardy clauses of the Federal and the State Constitutions, U.S. CONST. amend. V; N.H. CONST. pt. I, art. 16, bar reprosecution on the negligent homicide charges. He contends that the failure of the trial court to instruct the jury on the lesser-included offense resulted in a mistrial and that the constitutional provisions bar a second trial. Generally, when a first trial is terminated as a result of the *court's* granting the *defendant's* motion for a mistrial, the guarantee against double jeopardy does not bar a second trial. *United States v. Jorn*, 400 U.S. 470, 485 (1971). An exception to this rule applies when the conduct giving rise to the defendant's successful motion for a mistrial was intended to provoke the motion, *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982); *State v. Scarlett*, 121 N.H. 37, 39, 426 A.2d 25, 26 (1981) (citing *United States v. Dinitz*, 424 U.S. 600, 611 (1976)), or to prejudice the defendant's prospects for an acquittal, *State v. Scarlett, supra* at 39, 426 at 266 (citing *United States v. Dinitz*, 424 U.S. 600, 611 (1976)).

■ The defendant has not alleged that the trial judge, in failing to give instructions on the lesser-included offense, intended to prejudice the defendant or to provoke him into requesting a mistrial. Rather, he argues that the trial court's error was so fundamental and prejudicial that reprosecution should be barred. Judicial error, without the intentional conduct contemplated in the exception, however, has never been sufficient to bar a new trial. *United States v. Scott*, 437 U.S. 82, 93 (1978) (quoting *United States v. Jorn*, 400 U.S. 470, 485 (1971) (opinion of Harlan, J.)); *see Oregon v. Kennedy, supra* at 675–76. We hold, therefore, that the trial court was correct in denying the defendant's motion to dismiss.

■■ The defendant also has raised several issues concerning the admissibility of expert opinion and demonstrative evidence. The first deals with the qualifications of the State's expert witness, Dr.

Mosley. "The question whether a witness offered as an expert may testify as such is . . . one addressed to the sound discretion of the court below." *Dowling v. Shattuck*, 91 N.H. 234, 236, 17 A.2d 529, 532 (1941). The ultimate question to be answered by the trial judge is whether the evidence will aid the jury in its search for the truth. *Id.* On the record before us, we cannot say that the trial court abused its discretion in determining that Dr. Mosley's knowledge, on the two narrow issues on which he was allowed to testify, was sufficiently superior to the knowledge of persons in general as to make Dr. Mosley's views of value to the jury. *See id.* Dr. Mosley's lack of specialized education goes to the weight of his opinion and not to its admissibility. *Freeman v. Scahill*, 92 N.H. 471, 473, 32 A.2d 817, 818 (1943).

█ The defendant also argues that Officer Douglas' opinion, as to whether there was a defect in the steering mechanism of the defendant's truck, should not have been admitted into evidence, since the defendant had not received notice that Officer Douglas was testifying as an expert witness. In the defendant's motion for discovery, he requested only a list of all persons the State may call as witnesses. The defendant admits that the State complied with this request. The defendant could have asked the State to list all expert witnesses, or he could have deposed the State's witnesses to determine the scope of their testimony. In these circumstances, we cannot say that the State was required to provide the defendant with notice of all witnesses who were going to testify as experts. Contrary to the defendant's contention, the case of *Hubbard v. Panneton*, 121 N.H. 526, 433 A.2d 1246 (1981), is not controlling. In *Hubbard*, the plaintiff specifically requested medical records that were not turned over until the day of the trial. In those circumstances, we held that the plaintiff was entitled to a new trial.

█ Additionally, the defendant alleges that the trial court abused its discretion when it admitted into evidence part of the undercarriage of the Blanchette vehicle. Although both parties stipulated that the portion of the vehicle admitted into evidence was from the Blanchette vehicle, the defendant contends that the State did not lay an adequate foundation to prove the integrity of the evidence. Based on the testimony of the assistant county attorney who discovered the car, the owner of the junkyard where the car was found and the police officer at the scene of the crime, and on his own observation, the trial judge found that it was more probable than not that the position and condition of the relevant portions of the vehicle were the same at the time of trial as they were immediately following the accident. Accordingly, he admitted the evidence. The

record before us contains sufficient evidence to support such a finding, and we hold that the trial court did not abuse its discretion. *See McDaniel v. Frye*, 536 F.2d 625, 628 (5th Cir. 1976); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1125 (2d Cir. 1975).

The defendant also alleges that the failure of the State to preserve the vehicles involved in the accident and the blood samples of the victims denied him due process of law. A violation of due process occurs when the prosecution suppresses evidence favorable to the accused after a general or specific request by the defendant, when that evidence is material to either guilt or punishment. *See State v. Breest*, 118 N.H. 416, 419, 387 A.2d 643, 645 (1978); *see also United States v. Agurs*, 427 U.S. 97 (1976); *Brady v. Maryland*, 373 U.S. 83 (1963).

Although the United States Supreme Court has not held that, absent actual suppression, the non-preservation or destruction of evidence by the State is a violation of due process, *see United States v. Augenblick*, 393 U.S. 348, 356 (1969); *State v. Kenna*, 117 N.H. 305, 310, 374 A.2d 427, 430 (1977), this court has recognized that the right to due process is implicated when evidence in a criminal trial is destroyed, *State v. Miskolczi*, 123 N.H. 626, 629, 465 A.2d 919, 921 (1983) (citing *United States v. Picariello*, 568 F.2d 222, 227 (1st Cir. 1978)) (a three-prong test is employed when the authorities destroy evidence: (1) materiality of evidence, (2) prejudice to the defendant, and (3) good faith of the authorities).

Although the State did not preserve the vehicles after the accident, it found the Blanchette vehicle after the defendant asked specifically for its production. The defendant did not request the production of his own vehicle and, indeed, the fate of that car remained unknown to the court. Additionally, no allegations were made that the tests performed by the State on the blood samples of the victims were not made available to the defendant or that those tests were improperly conducted. In these circumstances, we find that the State's failure to preserve the vehicles involved in the accident and the blood samples of the victims did not violate the defendant's right to due process.

The defendant has also alleged that the failure of the State to preserve an accurate representation of the accident scene, by scale drawings, violated his right to due process. The State did take photographs of the accident scene, and the defendant presumably had access to these photographs. The trial court found that the defendant had sufficient data to enable a person of competence to pre-

210

pare a scale drawing with relative ease. We cannot find, under these facts, that the defendant was denied due process.

The other issues raised by the defendant in his notice of appeal were not briefed; therefore, we regard those issues as waived. *State v. Perkins*, 121 N.H. 713, 715, 435 A.2d 504, 505 (1981).

*Affirmed.*

SOUTER, J., did not sit; the others concurred.