Sullivan
No. 82-232

THE STATE OF NEW HAMPSHIRE

v.

JOHN MITCHELL

December 7, 1983

*Gregory H. Smith,* attorney general (*Martha V. Gordon,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, John Mitchell, appeals from his conviction by a jury in Sullivan County Superior Court (*DiClerico,* J.) of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1981). At issue are portions of the prosecutor's closing argument, the admission of the alleged victim's testimony concerning events after the incident, and the State's failure to preserve certain photographic evidence. We affirm.

At trial, the events preceding the defendant's arrest were disputed, but both the complainant and the defendant testified that they met in a bar in Claremont, went to another bar in Vermont in the defendant's truck, and later returned in the truck to Claremont. The complainant testified that the defendant sexually assaulted her in his truck in Claremont. The defendant denied any assault.

During closing argument, the prosecutor stated that the complainant

> "might not have been very smart to go with the defendant in the first place. Those of you who have children have undoubtedly told your children, as I have told my children—

> [Defense counsel]: Your honor, objection.

> The Court: Sustained.

> [Prosecutor]: You can strike that, your Honor. I'm sorry—never to accept a ride with a stranger."

After another objection and an apology from the prosecutor, the court instructed the jury to "disregard that comment."

Although the remark constituted testimony on the part of the prosecutor and was irrelevant, we are unable to find any prejudice

to the defendant. The jury was told to disregard the comment, which, if anything, called attention to the irresponsibility of the alleged victim. We are convinced that any error was harmless beyond a reasonable doubt. *See State v. Preston*, 121 N.H. 147, 150, 427 A.2d 32, 34 (1981).

During cross-examination, the defendant's attorney tried to establish that the complainant was dependent on her ex-boyfriend, with whom she had previously been living, for financial support and drugs, and that her story of a sexual assault was "a play for sympathy" in order to have him take her back. Defense counsel sought to show that it was because of this dependence that the complainant fabricated a story of an assault and later moved back in with her ex-boyfriend. It was therefore not irrelevant, as the defendant argues, for her to testify on redirect that the reason she went back to live with her ex-boyfriend was that she was afraid the defendant would look her up and try to dissuade her from pressing charges. Her motive for going back to her ex-boyfriend was raised by the defendant, who intended to cast doubt on the truthfulness of her testimony regarding the assault. It was not improper, therefore, for her to testify about her motive.

The defendant's final argument is that he was deprived of exculpatory evidence because the State, in processing some photographs of the complainant, had scratched the film so that the negatives supplied him would not produce satisfactory prints. The complainant had alleged injuries to her forehead, cheek, jaw, and arms. The defendant argued that the photographs, taken shortly after the alleged assault, would have favored his case by revealing the true nature of the injuries more accurately than oral testimony. The trial court, after a hearing, found that the scratches on the film were neither intentional nor caused by negligence and further found that the photographs, if clear, would not have been exculpatory.

It is not clear to us how there was a dispute about injuries to the complainant's head. The defendant himself testified that her head was injured when the door of his truck, which she kicked open, swung back and hit her. The only dispute would be over the cause of the injury. Given these circumstances and the trial court's ruling after a hearing, we do not believe that, in any reasonable likelihood, the photographs would have affected the judgment of the jury. *State v. Dukette*, 113 N.H. 472, 477, 309 A.2d 886, 889 (1973).

Under all the circumstances, we find no violation of the defendant's due process rights to the evidence. *State v. Breest*, 118 N.H. 416, 419, 387 A.2d 643, 645 (1978); *Brady v. Maryland*, 373

U.S. 83 (1963); *see also State v. Berry*, 124 N.H. 203, 470 A.2d 881 (1983).

*Affirmed.*

SOUTER, J., did not participate.