Merrimack
No. 82-249
No. 82-248
No. 82-254

THE STATE OF NEW HAMPSHIRE

v.

WALTER WOODMAN

THE STATE OF NEW HAMPSHIRE

v.

SCOTT HEATH

THE STATE OF NEW HAMPSHIRE

v.

NEIL WEST

August 10, 1984

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the briefs and orally), for the State.

*Pizzimenti & Immen,* of Concord (*Dennis Pizzimenti* on the brief and orally), for Walter Woodman.

*Joanne Green,* assistant appellate defender, of Concord, by brief for Scott Heath.

*Peter J. Leahy* and *Raymond S. Perry, Jr.*, of Concord (*Mr. Leahy* and *Mr. Perry* on the brief, and *Mr. Perry* orally), for Neil West.

DOUGLAS, J.    The issues raised in these consolidated cases arise out of the defendants' convictions for attempted escape from the New Hampshire State Prison. Following a jury trial in Superior Court (*Souter*, J.), the defendants were convicted of attempted escape. RSA 629:1, RSA 642:6. On appeal, the defendants claim several errors by the trial court. We find no error and affirm the defendants' convictions.

On September 7 and 8, 1981, the defendants occupied four separate cells in close proximity to each other in the New Hampshire State Prison. During the early evening of September 7, 1981, a correctional officer checked the bars of the defendants' cells and found them to be intact. The night shift correctional officer heard cutting sounds through the night and in the morning two bars in each of the defendants' cells were found to have been cut. The defendants had attempted to conceal the cuts on the bars by using electrical tape. In the subsequent search of the defendants' cells, two hacksaw blades and electrical tape were found in one of the defendants' cells.

## I. *Woodman*

The defendant claims error in the trial court's exclusion of exculpatory testimony which he argues is admissible evidence under the declaration against penal interest exception to the hearsay rule. *See* FEDERAL RULE OF EVIDENCE 804(b)(3). Because we rule that the proffered testimony was not a declaration against penal interest, we need not decide the parameters of the exception or whether we would even recognize the exception in the proper case.

During trial, the defendant attempted to have a private investigator testify to the contents of statements made by another inmate, Harold Hall, to the investigator. Hall occupied the cell adjoining the defendant's during the time that the bars on the cells, including Hall's, were discovered to be cut. Hall was not indicted or charged with attempted escape as a result of the bar-cutting and subsequently was transferred to a federal prison in New York.

The defendant arranged for Hall to be interviewed in New York by a private investigator who elicited statements from Hall that incriminated Hall and exculpated the defendant. During the interview with the private investigator, Hall stated that he did not object to discussing the matter, because he was a federal prisoner, and, thus, not worried about becoming involved.

The defendant called Hall as a witness at trial and Hall refused to testify, invoking the privilege against self-incrimination. U.S.

CONST. amend. V. The defendant then attempted to have the private investigator testify as to the contents of his interview with Hall. The trial court ruled that this evidence was inadmissible because the corroborating circumstances did not clearly indicate trustworthiness as required by Federal Rule of Evidence 804(b)(3).

The Federal Rules of Evidence and the proposed New Hampshire Rules of Evidence recognize a declaration against penal interest as an exception to the hearsay rule under certain circumstances. *See* FEDERAL RULE OF EVIDENCE 804(b)(3); proposed NEW HAMPSHIRE RULE OF EVIDENCE 804(b)(3). In order to determine whether the statement falls within the declarations against penal interest exception, the Federal Rule employs an objective test: "[A] reasonable man in his position would not have made the statement unless he believed it to be true." FEDERAL RULE OF EVIDENCE 804(b)(3).

"The Advisory Committee apparently chose the 'reasonable man' test over a purely subjective test because it thought that the declarant's unavailability to testify at trial almost always would foreclose judicial determination of his state of mind at the time he made the statement." Tague, *Perils of the Rulemaking Process: The Development, Application, and Unconstitutionality of Rule 804(b)(3)'s Penal Interest Exception,* 69 GEO. L. J. 851, 935 (1981); *see* Note, *Declarations Against Penal Interest: Standards of Admissibility Under An Emerging Majority Rule,* 56 B.U.L. REV. 148, 163 (1976); *see also* Jefferson, *Declarations Against Interest: An Exception to the Hearsay Rule,* 58 HARV. L. REV. 1, 22 (1944).

However, the Federal rules' inclusion of an objective test does not preclude courts from making an inquiry into the declarant's subjective state of mind. "If the declarant does not believe the statement to be against his interest, the rationale for the exception fails." 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE, 804–98 (1981); *see* Tague *supra.*

The declarant in the instant case made an express statement revealing his subjective state of mind when he made the declaration, which we cannot ignore. When Hall stated that he did not mind discussing the facts of this case with the private investigator because he was in a federal prison and, thus, unafraid of State prosecution, he revealed his state of mind.

Since Hall has indicated that he did not believe that his statements were against his penal interest, it would be anomalous for this court to rule that the statements were declarations against penal interest, admissible as an exception to the hearsay rule.

Accordingly, we find no error in the trial court's exclusion of this evidence and affirm the defendant's conviction.

## II. *Heath*

The defendant appeals the trial court's denial of his motion to dismiss based on the State's failure to preserve evidence. We find no error and affirm the defendant's conviction.

Following the discovery of the cut bars on the defendant's cell, the bars were removed and photographed. A subsequent search of the defendant's cell revealed two hacksaw blades and green electrical tape. Since the defendant's cell was inoperable with the bars missing, and the prison was experiencing a shortage of space, the prison officials welded the bars back into place.

The defendant argues that these cut bars could have produced evidence favorable to him if he had been allowed to test them. He contends that the State has a duty to preserve potentially favorable evidence, and therefore, that the trial court erred when it denied the defendant's motion to dismiss.

In *State v. Berry*, 124 N.H. 203, 209, 470 A.2d 881, 885 (1983) we recognized that "[a] violation of due process occurs when the prosecution suppresses evidence favorable to the accused after a general or specific request by the defendant . . . ." The defendant did not request production of the bars prior to the time they were welded back into the cell, and there is no allegation that the prison officials acted to suppress evidence or that they acted in bad faith.

We stated in *State v. Berry* "that the right to due process is implicated when evidence in a criminal trial is destroyed . . . ." *Id.* In *Berry* we also recognized that a "three prong test is employed when the authorities destroy evidence: (1) materiality of evidence, (2) prejudice to the defendant, and (3) good faith of the authorities." *Id.* (citing *State v. Miskolczi*, 123 N.H. 626, 629, 465 A.2d 919, 921 (1983)). The good faith of the prison authorities is not in question in this case; therefore, we turn to a consideration of the materiality of the evidence and any prejudice caused the defendant by its destruction.

In support of his contention that the bars were material and that their destruction was prejudicial, the defendant argues that, if preserved, tests on the bars could have revealed that the defendant could not have cut them because they were cut from another direction. This argument was directly contradicted by the State's expert witness, who testified that scientific tests would not have shown the actual location from which the bars were cut, and the defendant failed to refute this testimony. Based on this testimony, the trial

judge correctly ruled that the possible probative value of this evidence, if preserved, would have been slight and that the defendant was not prejudiced by its destruction.

The denial of the defendant's motion to dismiss is affirmed.

### III. *West*

The defendant appeals his conviction, claiming several errors by the trial court. We find no error and affirm his conviction.

The defendant first argues that the trial court erred when it denied his motion to dismiss. He claims that the State failed to preserve evidence which could have been favorable to him. This argument is resolved by reference to our discussion above in *Heath. See State v. Berry*, 124 N.H. 203, 209, 470 A.2d 881, 885 (1983).

The defendant next argues that the evidence was insufficient to support his conviction because the State did not prove that he was the one who cut the bars on his cell. Essentially the defendant argues that, although there was circumstantial evidence to support the verdict, the evidence was insufficient because it did not preclude other rational explanations.

In determining whether the evidence is sufficient to support a finding of guilt beyond a reasonable doubt, "we will view the evidence in the light most favorable to the prosecution." *State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983); *see State v. Cyr*, 122 N.H. 1155, 1159, 453 A.2d 1315, 1318 (1982). "We will uphold the jury's verdict unless 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *State v. Cobb supra* (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). "It is well established in this State that circumstantial evidence may be sufficient to support a conviction if it excludes all other rational conclusions." *State v. Bird*, 122 N.H. 10, 17, 440 A.2d 441, 445 (1982); *see State v. O'Malley*, 120 N.H. 507, 509, 416 A.2d 1387, 1388 (1980).

The evidence produced at trial showed that the bars to the defendant's cell were secure at the early evening check and were cut at the morning check. The evidence also indicated that the defendant was the sole occupant of the cell and that he was in the cell from 9:00 p.m., until 8:00 a.m., on the morning the cuts on the bars were discovered. We cannot say based on this evidence that no rational trier of fact could have found that the defendant cut these bars. The defendant has proffered several theories, without evidence, of how and why someone else might have cut these bars; however, a rational trier of fact could have found these theories irrational or not worthy of belief.

Finally, the defendant argues that he was denied due process

when the trial court instructed the jury that the State need not prove that the defendant was held in custody pursuant to an order of the Rockingham County Superior Court. The indictment of the defendant alleged that he was "held pursuant to the October 21, 1981, order of the Rockingham Superior Court . . . ." However, the defendant was actually held in custody pursuant to an order of the Sullivan County Superior Court.

■■ An individual is guilty of an offense if he escapes official custody, and official custody is defined as "custody in a penal institution . . . pursuant to an order of a court." RSA 642:6, II. *See generally State v. Aldrich*, 124 N.H. 43, 466 A.2d 938 (1983). In accordance with this statutory language, we hold that the State need only prove that the defendant was in custody pursuant to a valid court order and that the name of the specific county from which the order emanated is not an element of the offense, but is surplusage. There is only one superior court, and it sits in the ten counties. The county name is thus irrelevant. Accordingly, the trial court correctly ruled that the State did not have to prove that the defendant was held pursuant to an order of the Rockingham County Superior Court. *See id.*

*No. 82-249 affirmed; No. 82-248 affirmed; No. 82-254 affirmed.*

KING, C.J., did not sit on Nos. 82-249 and 82-254; SOUTER, J., did not sit; the others concurred.