Merrimack
No. 85-377

## The State of New Hampshire

### v.

## Mark R. Duhamel

June 5, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J. The defendant, Mark R. Duhamel, appeals the Trial Court's (*DiClerico*, J.) denial of his plea that a retrial after the granting of a defense-requested mistrial be barred on double jeopardy grounds. We affirm.

On March 11, 1984, the defendant entered the Manchester police station and confessed to the February 2, 1982 killing of Paul Laflamme. He was subsequently indicted for second degree murder. RSA 630:1-b. At trial, Duhamel maintained that he had killed Laflamme in self-defense. The defendant offered the following account of the events leading up to the killing. Laflamme picked up the defendant while he was hitchhiking, drove him to Cross Road, which is in Pembroke, stopped the car, and attacked him. Unable to escape from the vehicle because the door would not open, the defendant jumped into the backseat, pointed the gun he had been carrying at Laflamme, and ordered him to drive to Manchester. A short time afterwards, Laflamme grabbed the gun. The gun discharged, and the bullet struck Laflamme. The defendant then pulled Laflamme from the car and shot him again.

The prosecutor sharply cross-examined the defendant about his version of the killing, and specifically about his claim of self-defense:

"Q. After being booked, after sitting in that station for half an hour, after sitting in that cruiser with handcuffs on, after having your *Miranda* rights read to you, you finally said something, didn't you? Similar to what you told the jury today, is that right?

A. That's correct.

Q. One phrase?

A. That's right.

Q. What was the phrase?

A. The son-of-a-bitch attacked me.

Q. Attacked you or grabbed you?

A. Attacked me.

Q. Well, Sergeant Schuff said yesterday you said, "grab".

A. I said, "The son-of-a-bitch attacked me."

Q. Sergeant Schuff was wrong about what you said?

A. I don't know if he is wrong or not.

Q. He said "grabbed", didn't he?

A. I don't know.

Q. You were here yesterday, weren't you?

A. Yes, I was.

Q. You heard him say "grab", didn't you?

A. Yes, I did.

Q. And now you are telling us that is not what you said?

A. I am not sure if I said "grabbed" or that he attacked me.

Q. That's all you said, isn't it?

A. Yes.

Q. Nothing about sex, was there?

A. Not at that point.

Q. Nothing about being kidnaped?

A. That's correct.

Q. In fact, that is the only time until today that you have ever said anything to any representative of the State of New Hampshire about self-defense, isn't it?

[DEFENSE COUNSEL]: I am going to object.

THE WITNESS: No, nothing.

[DEFENSE COUNSEL]: I am going to object at the bench, I'd like a conference and a record."

The defendant moved that a mistrial be granted with prejudice on the ground that the prosecutor's final question violated his fifth amendment rights. After a lengthy conference, a mistrial was declared but without prejudice to the State's right to retry the case. The trial judge considered the defendant's later request that he reconsider his decision, but again refused to bar a retrial. The defendant appealed.

■■ We first consider the defendant's request that we permit an *in camera* review by the trial court, with counsel present, of the notes used by the prosecutor during cross-examination, and remand the case so that such a review of the notes with counsel present can take place. We deny the defendant's request. The notes in question fall within the attorney work-product privilege. Although "[c]lassification of material as work product does not bar discovery in all cases," *Muder v. Bentley*, 109 N.H. 71, 72, 242 A.2d 396, 397 (1968),

the exceptions to the rule are narrow. Here, there has been no waiver of the privilege by the prosecution, *see United States v. Nobles*, 422 U.S. 225, 239 n.14 (1975), and no preliminary showing of fraud by the defendant. *See In re Doe*, 662 F.2d 1073, 1080 (4th Cir. 1981), *cert. denied*, 455 U.S. 1000 (1982). Therefore, he may not have access to any portion of the notes.

We turn to the defendant's second contention, that the double jeopardy clause bars a retrial because the prosecution intended by its misconduct to cause the defendant to move for a mistrial. The State maintains initially that the defendant failed to preserve this issue for appeal, citing *State v. Dukette*, 127 N.H. 540, 506 A.2d 699 (1986). This argument is without merit. First, the defendant requested a mistrial *with prejudice*, thereby impliedly asserting that the prosecutor's action had been intended to cause the defendant to move for a mistrial. *See Oregon v. Kennedy*, 456 U.S. 667 (1982). Second, it was evident to the trial judge that the issue had been raised because he specifically discussed the issue of the prosecutor's intent to cause the defendant to move for a mistrial in his ruling on the motion for reconsideration. Accordingly, we conclude that the issue has been properly preserved for appeal.

The defendant raises both State and federal constitutional claims in arguing that double jeopardy bars retrial, U.S. CONST. amends. V, XIV; N.H. CONST., pt. I, art. 16. Because we hold that in this respect our State Constitution provides the identical protection that the Federal Constitution does, we decide the case on an interpretation of the State Constitution and make no separate federal analysis. *See State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983).

Turning to the merits of Duhamel's claim, the general rule is that where a defendant requests a mistrial which is granted, a retrial on the same charge is not barred by double jeopardy. *State v. Berry*, 124 N.H. 203, 207, 470 A.2d 881, 883 (1983). *See also* Annot., 98 A.L.R.3d 997, 1002 (1980). An exception to the rule obtains where the prosecution intended to provoke the defendant into moving for a mistrial:

> "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. . . . Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a

second trial after having succeeded in aborting the first on his own motion."

*Oregon v. Kennedy*, 456 U.S. at 675–76. Whether the prosecution so intended is a matter of fact to be decided by the trial court. *Id.* at 675.

The conduct at issue is the prosecutor's final question quoted above, which the trial court held to be constitutionally impermissible because it referred to the defendant's failure to allege self-defense except on one occasion during the period between his arrest and trial. The State does not argue in its brief that the question was constitutionally appropriate. Rather, the parties focus on whether the prosecutor intended to provoke the defendant into requesting a mistrial by asking the question. In ruling on the motion to reconsider, the trial judge stated:

> "Based on a consideration of all of the circumstances known to the Court at the time the offending question was asked, and the representations made by [the prosecutor] at the hearing on the mistrial motion, [the prosecutor] did not ask the question with the intention of causing a mistrial in order to secure a more favorable opportunity to convict the accused, nor did he ask it in bad faith for the purpose of harassing the accused by successive prosecutions or prejudicing his prospects for acquittal."

The only issue, then, is whether the trial court clearly erred in its findng on the prosecutor's intent in asking the improper question. We hold that it did not, although the standard it applied was too broad. *But see Berry*, 124 N.H. at 207, 470 A.2d at 883.

■■ The court closely questioned the prosecutor and explicitly stated that it had considered all the facts and circumstances of the case in its order, including presumably the existence of its own pre-trial order which the defendant claims was violated by the prosecutor in asking the offending question. The judge presided at the trial and had the opportunity to hear the offending question and the tone and manner in which it was asked. The prosecutor admitted that the question was not a slip of the tongue, but also stated that the question itself was unplanned. In addition, the State vigorously opposed the motion for mistrial, suggesting that curative instructions be given. We conclude, after a thorough review of the transcripts, that the trial judge's decision was reasonable. In addition, we have reviewed the notes which the prosecutor used to cross-examine the defendant, and find nothing in them that supports a different result.

Finally, to the extent that *Berry supra* would suggest a different analysis or result, it is disapproved.

The case is remanded for a new trial.

*Affirmed and remanded.*

All concurred.