Compensation Appeals Board
No. 2008-277

APPEAL OF ROBERT BELAIR
(New Hampshire Compensation Appeals Board)

Argued: November 12, 2008
Opinion Issued: January 14, 2009

*Vanacore Law Office*, of Concord (*John G. Vanacore* and *Natalie J. Friedenthal* on the brief, and *Mr. Vanacore* orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Paul R. Kfoury, Jr.* and *Elizabeth M. Murphy* on the brief, and *Mr. Kfoury* orally), for the respondents.

HICKS, J. The petitioner, Robert Belair (claimant), appeals a decision of the New Hampshire Compensation Appeals Board (board) dismissing his

claims against the respondents, Franklin Savings Bank and its insurer, AIG Claims Services, Inc., as barred by the statute of limitations. We affirm in part, reverse in part and remand.

The following facts are recited in the board's order or are supported by the record. On August 16, 1993, the claimant reported a right carpal tunnel injury. An initial denial of the claim by the insurer prompted a hearing before the department of labor (DOL), following which the claimant was awarded temporary total disability benefits from August 19, 1993, to October 4, 1993. The claimant appealed to the board, seeking extended indemnity benefits. The board granted an extension of full benefits through December 6, 1993, and also awarded a reduced benefit from that date through January 14, 1994.

In a letter to the DOL dated January 13, 1998, the claimant wrote: "I would like to protect my right to a Workers' Comp. hearing and I understand that I must request it within 4 years of the date of the last WC payment." He therefore requested "a hearing now and prior to 1/14/98 which might be interpreted as being the cut off date." He further specified that he was "requesting that this matter be scheduled on the issues of . . . Extent of Disability, . . . Causual [sic] Connection, . . . [and] Medical Bills . . . ." A hearing was scheduled for June 22, 1998.

By letter dated June 2, 1998, the claimant requested a continuance so that he could accomplish the following:

1) Complete all scheduled and referred Doctors appointments.
. . .
2) I need time to get a new lawyer to represent my case. . . .
3) Finish preparing my history of my injury up to the present day. Thus far I have only finished up to 1997 and this took over 1 1/2 years. . . .

He stated that "linear progressive thought and accomplishment and functioning are often impossible due to my physical and mental state" and explained that he has suffered from depression since at least December 1994, experienced a nervous breakdown in 1995, and was currently starting to take stronger painkillers and a muscle relaxant. A continuance was granted, apparently without stating a specific duration or expiration date therefor.

The claimant again requested a hearing on August 30, 2006. The respondents moved to dismiss the case as barred by the applicable statutes of limitations, see RSA 281-A:42-d, :48 (1999), and by laches. A DOL hearing officer granted the motion with respect to indemnity benefits and any medical benefits denied more than eighteen months prior to the August

30, 2006 request for hearing. On appeal, the board upheld "dismiss[al of] the claims for weekly benefits and medical benefits on the grounds that they are barred by the applicable statutes of limitations." The claimant now appeals to this court.

"We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable." *Appeal of Fay*, 150 N.H. 321, 324 (2003). The appealing party "has the burden of demonstrating that the board's decision was erroneous." *Id.* In addition, where resolution of the appeal requires us to interpret the workers' compensation statute, "[w]e construe [it] liberally, resolving all reasonable doubts in statutory construction in favor of the injured employee in order to give the broadest reasonable effect to its remedial purpose." *Appeal of Lalime*, 141 N.H. 534, 537-38 (1996) (quotation and brackets omitted).

■ The claimant contends that the board erred in ruling that his claims are time-barred. We first address his claim for indemnity benefits, which the board concluded was barred by RSA 281-A:48. That section, entitled "Review of Eligibility for Compensation," provides, in part:

> Any party at interest with regard to an injury occurring after July 1, 1965, may petition the commissioner to review a denial or an award of compensation made pursuant to RSA 281-A:40 by filing a petition with the commissioner not later than the fourth anniversary of the date of such denial or the last payment of compensation under such award or pursuant to RSA 281-A:40, as the case may be, upon the ground of a change in conditions, mistake as to the nature or extent of the injury or disability, fraud, undue influence, or coercion.

RSA 281-A:48, I. "We have interpreted this language as a statute of limitations barring the reinstatement of disability benefits for the recurrence of an old injury where the last disability payment was made more than four years earlier." *Appeal of Anheuser-Busch Co.*, 156 N.H. 677, 679 (2008).

■ The claimant contends that RSA 281-A:48, I, does not bar his claim because he satisfied the statute by filing his petition for review within the four year limitations period. We agree. The claimant's January 13, 1998 request for a hearing fell within four years of the last payment of benefits on January 14, 1994, and the board so found. Nevertheless, the board appears to have construed RSA 281-A:48 as also limiting the time within which the claimant was required to renew his request for a hearing following the grant of a continuance. The board ruled:

It was [the claimant's] claim and he carried the burden of bringing it forward in a timely manner. The statute contains no exceptions to the time limitation for any legal disability that is not substantiated with competent medical evidence. The claimant in this case let the years pass by and the clock ran out. Because the statute of limitations closed the period during which the claimant could have brought his claim forward for a hearing, the Tribunal need not address the equitable doctrine of laches.

The claimant argues that "[t]here is no authority suggesting that there is any time limitation for requesting a hearing following the granting of a continuance[] or any procedural action which triggers the restart of the original statute of limitation which was applicable to filing the original request." The respondents, on the other hand, argue that "[t]here is no authority supporting a finding that the filing of the request for a hearing tolled the statute of limitations indefinitely on this issue." Having reviewed the applicable statutes, we agree with the claimant.

■ The respondents fundamentally misapply the doctrine of tolling. When the claimant filed his request for hearing on January 13, 1998, RSA 281-A:48, I, was satisfied. The statute of limitations stopped running and there was no need to toll it. *See State v. Nadler,* 151 N.H. 244, 246 (2004) (no need to toll statute of limitations in RSA 603:1 after formal charges have been brought against defendant because, under plain language of that statute, the act of filing charges stops the running of the statute of limitations). Having been satisfied, RSA 281-A:48, I, is no longer relevant and imposes no further restriction upon the claimant.

■ The respondents next contend that the claimant's January 13, 1998 letter was not a valid request for a hearing "because the claimant filed the request as a preservation tactic without medical evidence supporting a finding that he was totally disabled." They assert that the claimant failed to submit with his request for hearing any "medical evidence supporting a finding of a change in condition" or any "documentation that a medical doctor had removed him from work." The respondents, however, provide no legal authority for such a requirement. They point out that RSA 281-A:43, I(a) (Supp. 2008) requires that the petition for a hearing "shall set forth the reasons for requesting the hearing and the questions in dispute which the applicant expects to be resolved." The claimant did just that. There is no statutory requirement for anything more. *Cf. Appeal of Town of Rindge,* 158 N.H. 21, 24 (2008) (stating court will not add words to statute). Accordingly, the claimant's January 13, 1998 request for a hearing satisfied the statute.

The respondents also contend that the claimant had a duty to renew his request for a hearing "within the appropriate time frame." The respondents concede that "[t]here is no specific workers' compensation procedural rule or regulation which requires that a hearing be re-requested after a continuance or that sets out a specific deadline for requesting that a hearing be scheduled." They nevertheless contend that because RSA 281-A:43, I(a) discourages continuances, "[i]t is logical to assume that it was never the intention of the legislature or the [DOL] in creating its regulations that a continuance would last longer than a legislatively imposed statute of limitations."

 Under our well-settled rules of statutory construction, however, we will not speculate as to what the legislature intended; rather, "[w]e interpret legislative intent from the statute as written and will not consider what the legislature might have said or add words that the legislature did not include." *Id.* (quotation omitted). RSA 281-A:43, I(a) provides, in part:

> Continuances of any hearing are discouraged; however, should a continuance be necessary, the parties requesting such continuance shall file with the department a written petition for such continuance at least 7 days prior to the hearing. Failure to file such a petition shall bar any right to a continuance. Thereafter, a continuance may only be granted upon the commissioner's finding that a compelling need exists so as to require a continuance.

Whether discouraged or not, continuances are clearly permitted under RSA 281-A:43, I(a).

 The claimant argues that where the Workers' Compensation Law "is silent with regard to any deadline for setting a hearing date once a continuance has been granted" and "[t]here is no rule setting whose responsibility it is to request a new date for a continued hearing," the board acted unreasonably by "impos[ing] a deadline which did not exist." We agree. RSA 281-A:43, I(a) imposes no duty upon the claimant to renew his request for a continued hearing within a certain period of time, and we will not read one into the statute. *See id.* While the DOL could have continued the hearing to a date certain, it did not do so. *Cf.* RSA 281-A:43, I(a) (providing that once a hearing is held, "[t]he person conducting the hearing may recess the hearing to a date certain").

The respondents assert that "[t]he burden to re-request a hearing regularly falls to the party who requested the continuance," yet the only authorities they cite do not support that claim. Rather, the cited authorities provide that "any party" may petition the labor commissioner for a hearing. RSA 281-A:43, I(a); N.H. ADMIN. RULES, Lab. 204.01. Had the respondents

wanted to resolve the claim in a more timely fashion, they could have requested a hearing themselves. We conclude, for the foregoing reasons, that the board erred in ruling that the claimant's claim for indemnity benefits is barred by RSA 281-A:48's statute of limitations and we reverse the board's decision on that issue.

■ The respondents argue that even if the board erred on the statute of limitations issue, it reached the correct result because the claimant is barred from seeking indemnity benefits under the doctrine of laches. "Laches is an equitable doctrine that bars litigation when a potential plaintiff has slept on his rights. The doctrine of laches is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced." *Appeal of City of Laconia*, 150 N.H. 91, 93 (2003) (quotations and citation omitted).

As previously noted, the board did not address the laches issue in light of its ruling on the statute of limitations, and we decline to address it in the first instance, particularly where application of the doctrine is "a question of fact for the trier of fact." *Bogardus v. Zinkevicz*, 134 N.H. 527, 530 (1991) (quotations omitted). We note that at oral argument, a question was raised as to whether the board has the power to rule upon equitable claims such as laches. We have not addressed the precise issue of laches with respect to the board. *But cf. Appeal of City of Laconia*, 150 N.H. at 95 (affirming public employee labor relations board's dismissal of a petition for modification on laches grounds); *Appeal of Naswa Motor Inn*, 144 N.H. 89, 91 (1999) ("Where no statutory time limitations apply to an administrative proceeding, whether an action is barred by time depends on the equitable doctrine of laches."); *Appeal of Cloutier Lumber Co.*, 121 N.H. 420, 422 (1981) (applying estoppel in workers' compensation case brought under prior statute). On remand, the parties may address this issue before the board.

We now turn to the issue of medical benefits. RSA 281-A:42-d provides: "Compensation for disability, rehabilitation, medical benefits, or death benefits under this chapter shall be barred unless the claimant petitions for a hearing under RSA 281-A:43 within 18 months after the claimant receives notice that the claim has been denied by the insurance carrier or self-insurer pursuant to RSA 281-A:42, I(b)." RSA 281-A:42-d. The board ruled that claims related to medical bills submitted by the claimant between 1998 and 2002 and denied by the insurer were time-barred under RSA 281-A:42-d. The claimant argues that "[b]y filing a timely request for review . . . within the 18-month limitation on payment of medical bills . . . [the claimant] satisfied the applicable statute[] of limitations." With respect to medical benefits denied within eighteen months prior to the claimant's

January 13, 1998 request for hearing, we agree that he satisfied the statute of limitations and his claims for those benefits are not time-barred for the same reasons stated above for indemnity benefits.

The respondents argue, however, that "[t]he claimant's January 1998 request for a hearing did not toll the statute of limitations on prospective denials that were subsequently filed in 1998 and 2002" and we agree. The plain language of RSA 281-A:42-d provides that claims for medical benefits must be filed within eighteen months of denial by the carrier or they "shall be barred." The claimant has offered no plausible construction of RSA 281-A:42-d that would relate future medical bills back to a claim timely filed with respect to previous bills. Claims for medical benefits denied between January 13, 1998, and eighteen months prior to the claimant's August 30, 2006 request for hearing are time-barred, and we affirm the board's ruling with respect to such claims.

*Affirmed in part; reversed in part; and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.