Compensation Appeals Board
No. 2008-448

APPEAL OF REDIMIX COMPANIES, INC.
(New Hampshire Compensation Appeals Board)

Argued: February 19, 2009
Opinion Issued: April 3, 2009

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Michael R. Mortimer* on the brief and orally), for the petitioner.

*Matthew J. Lahey, P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the respondent.

DALIANIS, J. The petitioner, Redimix Companies, Inc. (Redimix), appeals a decision of the New Hampshire Compensation Appeals Board (CAB) in which the CAB ruled that the respondent, Brandon Lafond, had suffered either a new injury or an aggravation of a pre-existing condition on March 27, 2006, and was entitled to weekly benefits through his return to work on October 28, 2007. We vacate and remand.

The CAB found or the record supports the following facts. Lafond has suffered from lower back pain since 1998 after he fell from a ladder. Since March 2003, he has worked for Redimix as a cement truck operator, which involves heavy-duty work.

Lafond received treatment for his lower back pain both before and after his employment with Redimix. He sought treatment in October 2000, February 2001, September 2001, April 2002, August 2002, February 2003, June 2003, December 2003 and August 2004, and on each occasion was given medicine for his pain. X-rays taken of his back in 2002 and 2003 were negative. In February 2005, Lafond again complained of lower back pain. He had similar complaints in November 2005 and February 2006. Lafond did not miss work as a result of the low back pain he experienced periodically from 1998 to February 2006.

On March 27, 2006, while driving a fully loaded cement truck, Lafond hit a pothole with such force that his body lifted out of the seat, his head hit the truck's roof and, when his body fell back to the seat, the seat bottomed out. He felt an immediate pop in his back and pain radiating down his left leg. Within hours, his left leg felt tingling, numb and cold. Lafond immediately reported the incident.

Lafond reported to work the next day, but was placed on light duty, performing only sedentary work. Several days later, at Redimix's direction, Lafond sought medical attention at Lakes Region General Hospital where Christopher Almeida, D.O., examined him. Dr. Almeida's examination revealed a positive sciatic stretch. A lumbar MRI showed that Lafond had degenerative disc disease at the L4-5 and L5-S1 levels, a central herniation of the L4-5 intervertebral disc, which slightly impinged on the L5 nerve roots on both sides, and a central herniation of the L5-S1 intervertebral disc, which slightly impinged on the descending S1 nerve roots on both sides.

Approximately one month after the March 27, 2006 incident, Lafond saw Dr. Arnold Miller, who had treated him previously for lower back pain. Dr. Miller opined that the March 27, 2006 incident had caused Lafond to suffer ongoing radiculopathy down his left leg. Dr. Miller referred Lafond to a clinic for epidural injections, which did not significantly relieve his symptoms. Lafond underwent physical therapy, which made his back and left leg feel worse. Eventually, Lafond was referred to a neurosurgeon, Anthony A. Salerni, M.D., who recommended and, on December 29, 2006, performed, surgery, removing Lafond's L4-5 and L5-S1 intervertebral discs.

Before his surgery, Lafond returned to work, performing temporary alternative work, but was suspended for thirty days in May 2006 after testing positive for cocaine. Redimix discharged Lafond for cause in October 2006 after he tested positive for methadone.

496

In May 2007, Dr. Salerni cleared Lafond to return to light duty work with the following restrictions: (1) no lifting of more than twenty-five to thirty-five pounds; (2) no frequent lifting of more than five pounds; (3) no bending, kneeling, squatting or climbing; and (4) no more than occasional driving with the additional qualification that he be able to change position at will. In October 2007, Lafond took a position as a hazardous waste coordinator for another employer.

Redimix's workers' compensation insurance carrier denied workers' compensation benefits to Lafond on the ground that his current disability was not causally related to the March 27, 2006 incident. In March 2007, a hearings officer found, to the contrary, that the March 27, 2006 incident caused Lafond to suffer a new injury or an aggravation of a pre-existing condition, which entitled him to temporary total disability payments retroactive to his December 29, 2006 surgery. This decision was appealed to the CAB, which upheld it. Redimix moved for rehearing, which the CAB denied, and this appeal followed.

We will not disturb the CAB's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. *Appeal of Belair*, 158 N.H. 273, 276 (2009); RSA 541:13 (2007). The appealing party has the burden of demonstrating that the CAB's decision was erroneous. *Appeal of Belair*, 158 N.H. at 276.

To make out a claim for workers' compensation, Lafond had to show that his injuries arose "out of and in the course of employment." RSA 281-A:2, XI (Supp. 2008). "To show this, the claimant must prove by a preponderance of the evidence that [his] work-related activities probably caused or contributed to [his] disability." *Appeal of Kehoe*, 141 N.H. 412, 416 (1996) (quotation omitted).

The test for causation has two prongs: a claimant must prove both legal causation and medical causation. *Id.* Legal causation entails a showing that the claimant's injury is in some way work-related, while medical causation requires a showing that the injury was actually caused by the work-related event or condition. *Id.* Redimix challenges *only* the CAB's finding of legal causation. At oral argument, Redimix conceded that the March 27, 2006 incident was the "straw that broke the camel's back" in terms of causing Lafond's condition as a medical fact.

"The legal causation test defines the degree of exertion that is necessary to make the injury work-connected." *Id.* (quotation omitted). "The test to be used depends upon the previous health of the employee." *Id.* When a claimant has a pre-existing disease or condition, he "must show by a preponderance of the evidence that [his] employment contributed some-

thing substantial to [his] medical condition by demonstrating that the work-related conditions presented greater risks than those encountered in [his] non-employment activities." *Id.* (quotation and brackets omitted). When the claimant does not have a preexisting condition, *any* work-related activity connected with the injury as a matter of medical fact is sufficient to show legal causation. *Id.* In the latter situation, "[a]ny employment contribution, even merely putting the employee in the place where the injury . . . occurred is enough" because "there is no competing personal risk to overcome." 2 A. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 46.03[2], at 46-7 (2008). In the former situation, "the employment must contribute something substantial to increase the risk [of injury]" because "it must offset the causal contribution of the personal risk." *Id.*

For example, suppose a claimant's usual job does not involve lifting, but on one occasion she lifts a twenty pound weight on the job. *Id.* at 46-9. Suppose, as well, that the lift causes the claimant to suffer a heart attack as a medical fact. *Id.* If the claimant had no pre-existing heart condition, then compensation would be awarded because the employment contributed something and the employee's personal life contributed nothing to her collapse. *Id.* If, on the other hand, the claimant had a pre-existing heart condition, compensation would be denied "because legally the personal causal contribution was substantial, while the employment added nothing to the usual wear and tear of life — which certainly includes lifting objects weighing 20 pounds, such as bags of golf clubs . . . and step ladders." *Id.*

The analysis is similar in a non-heart condition case. *Id.* § 46.03[5], at 46-19 to 46-20; *see Appeal of Lockheed Martin*, 147 N.H. 322, 323, 325 (2001) (to establish legal causation, a claimant with a pre-existing condition of multiple chemical sensitivity syndrome had to show that her working conditions contributed something substantial to her condition by demonstrating they presented greater risks than those encountered in her non-employment activities); *Appeal of N.H. Dep't of Health and Human Servs.*, 145 N.H. 211, 212, 215 (2000) (claimant with attention deficit disorder had to establish legal causation by showing that her work conditions contributed something substantial to her disability by demonstrating they presented greater risks than non-employment activities).

The parties do not dispute that Lafond had a pre-existing back condition. Thus, to establish that his employment was the legal cause of his March 27, 2006 injury, Lafond had to show that his working conditions contributed "something substantial" to his condition. The comparison is to the normal non-employment life of the claimant or any other person. LARSON, *supra* § 46.03[2], at 46-7.

Redimix argues that the CAB erred because it failed to analyze whether Lafond's employment contributed "something substantial" to his condition

by examining whether his work-related conditions presented greater risks than non-employment activities. *Appeal of Kehoe*, 141 N.H. at 416. Lafond does not respond to this argument. Because we agree that the CAB failed to conduct this analysis, we vacate its finding of legal causation and remand for further proceedings consistent with this opinion.

Rather than engage in the analysis we have described above, the CAB focused upon a different causation analysis that, in fact, was not relevant to this case. Because this issue may arise on remand and because both parties discuss it in their briefs, we address it.

■ The CAB focused upon whether the pothole incident was a "distinct and extraordinary trauma-inducing event." *Appeal of Commercial Union Ins. Co.*, 140 N.H. 429, 432 (1995) (quotation omitted). This construct is from a causation analysis that applies *only* when the pre-existing condition was compensable (*e.g.*, work-related and disabling). *See Appeal of Bergeron*, 144 N.H. 681, 684 (2000). In such a case, to recover for another injury, the claimant must show that the new work-related injury was an independent cause of his current disability. *Appeal of Commercial Union Ins. Co.*, 140 N.H. at 432. To determine this requires examining whether the claimant's preexisting condition stabilized before the new injury occurred. *Id.* If the claimant's pre-existing condition stabilized, "then the subsequent incident is more likely an independent cause of the resulting disability, in which case it is said to be an aggravation of the preexisting condition constituting an independent cause of the disability." *Id.* On the other hand, if the claimant's pre-existing condition did not stabilize before the new injury, then for the new injury to constitute an independent cause of the claimant's disability, ordinarily it must have resulted from a "distinct and extraordinary trauma-inducing event." *Id.* (quotation omitted).

This analysis did not apply to the instant matter because there is no evidence in the record that Lafond's pre-existing condition was compensable. *See Appeal of Briggs*, 138 N.H. 623, 631 (1994); *Appeal of Bergeron*, 144 N.H. at 684. The record on appeal reveals that Lafond's independent medical condition, lower back pain, was neither work-related nor disabling.

*Vacated and remanded.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.